## REED et al. v. ROBINSON.

No. 11672—Opinion Filed June 21, 1921.

Rehearing Denied Sept. 13, 1921.

(Syllabus.)

1. **Appeal and Error — Review of Equity Case—Findings.**

On appeal, in a case of purely equitable cognizance, the findings of the trial court will not be disturbed unless it appears that the findings are clearly against the weight of the evidence.

2. **Principal and Agent—Agency—Question for Court or Jury—Evidence.**

The question of agency, when made an issue in a case, is a question of fact to be determined in law actions by the jury, and in equity actions by the court, from all the facts and circumstances connected with the transaction, and, like any other question of fact, may be proved by circumstantial evidence.

3. **Fraud—Definition.**

Fraud is a generic term, which embraces all the multifarious means which human ingenuity can devise, and are resorted to by one individual to get an advantage over another by false suggestions or by the suppression of the truth. No definite and invariable rule can be laid down as a general proposition defining fraud, as it includes all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated.

4. **Deeds — Cancellation — Fraud — Findings — Evidence.**

From an examination of the entire record, held the findings of the trial court are not clearly against the weight of the evidence, and therefore will not be disturbed.

Error from District Court, Nowata County; C. W. Mason, Judge.

Action by Zell Robinson, nee Cochran, against J. C. Reed and others to cancel deed for fraud. Judgment for plaintiff, and defendants bring error. Affirmed.

Holtzendorff & Holtzendorff and Thos. H. Owen, for plaintiffs in error.

Robert M. Rainey, W. H. Kisner, Hamilton & Pendleton, and Kelley Brown, for defendant in error.

McNEILL, J. This action was commenced in the district court of Nowata county by Zell Robinson, nee Cochran, against Jack Reed et al. to set aside a certain deed executed by her on the 6th day of October, 1917, conveying her royalty interest in her allotment to Jack Reed and J. C. Reed, alleging the deed was obtained by the false and fraudulent representations of Jack Reed and W. E. Forman, the agent of said Reeds. The defendants answered, denying that Forman was their agent, denying they made any false and fraudulent representations, and alleged they had paid the full value of the land. On trial of the case the court made a general finding in favor of the plaintiff and against the defendants and canceled said conveyance. From said judgment, J. C. Reed and Jack Reed have appealed.

For reversal it is contended the judgment of the court is clearly against the weight of the evidence; and this being an equitable action, this court will weigh the evidence, and if it appears the judgment of the trial court is clearly against the weight thereof, this court will render such judgment as the trial court should have rendered.

Plaintiffs in error first insist that there is no evidence to support a finding that Forman was the agent of the Reeds. The question of agency, when made an issue, is a question of fact to be determined in law actions by a jury and in equity actions by the court, upon all the facts and circumstances in evidence.

Plaintiffs in error, however, invoke the rule, to wit:

"The law itself makes no presumption of agency, and the burden of proving agency, including not only the fact of its existence, but its nature and extent, rests ordinarily upon the party who alleged it." McDonald v. Strawn, 78 Okla. 271, 190 Pac. 558.

It is further contended:

"Agency cannot be proved against another by evidence of the declarations of an agent; and where one purports to act as agent for another, that fact of itself is not sufficient evidence upon which to submit the question of agency to the jury." Thorp Oil & Specialty Co. v. Home Oil Refining Co., 79 Okla. 225, 192 Pac. 573.

The principles above announced correctly state the rule of law, but agency, like any other question of fact, may be established

by circumstantial evidence, and it is the duty of the court to consider all the facts and circumstances in the case, the relation of the parties to each other, and all other facts and circumstances throwing light upon the question of agency. In the instant case, the facts relied upon by plaintiff to support the fact of Forman being the agent of Reed may be stated in substance. The plaintiff in substance testified that she had just reached her majority and Mr. Forman, who was an attorney at Tahlequah, where she resided, approached her to ascertain if she wanted to sell her allottment, and she informed him she did not. A short time thereafter he informed her that Mr. Reed desired to purchase her allotment and was coming to Tahlequah in a few days for the purpose of buying her land. She testified she still told him she did not desire to sell the same. A few days thereafter Mr. Forman sent the plaintiff's brother and another party to have plaintiff come to the bank, saying that Mr. Reed was in town and wanted to buy the land. She went to the bank where Mr. Reed and Mr. Forman were, and she went into the back room of the bank with her brother and Mr. Forman, and Mr. Reed was in the room a part of the time and a part of the time in the room adjoining with the door open where he could hear what was said between Mr. Forman and the plaintiff, and the deed was procured.

Mr. Forman was produced as a witness by the defendants and testified regarding a conversation he had with Mr. Reed regarding the purchase of this land as follows:

"Mr. Reed stated, 'Well, I can be out three thousand dollars on it,' and I said, 'What commission could I expect to make on it?' and he said, 'Well, I will be out that much money'; and I said, 'Well, I will see what I can buy it in at, and if I can buy it for less, I don't suppose you will mind paying me the difference, if it is satisfactory to Mrs. Robinson'; and he said, 'Go ahead and see what you can buy it for'. He said it didn't make any difference to him."

In addition to the above testimony the plaintiff produced a witness, Mr. Taylor, who testified he talked to Mr. Reed about Mr. Forman representing him in the purchase of this land and some other land, and Mr. Reed remarked in substance he would discharge Mr. Forman and not have him connected with any more transactions. Mr. Reed gave a check to Forman for $500 in connection with this transaction.

The evidence of Mr. Forman himself. which was introduced by the Reeds, almost conclusively establishes the relation of principal and agent, and, when considered with the other facts and circumstances, we think is sufficient to support the finding that Mr. Forman was the agent of Mr. Reed in this transaction.

It is next suggested that the evidence of Mr. Taylor regarding his conversation with Mr. Reed and Mr. Forman was incompetent, as the same was simply hearsay testimony. This evidence was offered in rebuttal after Mr. Forman had testified and after Mr. Reed had testified regarding the transaction. and was competent for the purpose of contradicting their testimony.

It is next suggested the evidence offered in support of the allegation of fraud is not sufficient under the rules adopted in the case of Owen v. United States Surety Co., 38 Okla. 123, 131 Pac. 1091, where this court stated as follows:

"In this jurisdiction, where fraud is alleged in the procuring of a written instrument, the proof must sustain the allegations by a preponderance of the evidence so great as to overcome all opposing evidence and repel all opposing presumptions of good faith."

Accepting this as the correct rule, the court in weighing the evidence will take into consideration all the facts and circumstances surrounding the particular case, the parties, their intelligence, and their knowledge of business matters.

This court in the case of Van Winkle v. Henkle, 77 Okla. 34, 186 Pac. 942, defined fraud as follows:

"Fraud is a generic term, which embraces all the multifarious means which human ingenuity can devise, and are resorted to by one individual to get an advantage over another by false suggestions or by the suppression of the truth. No definite and invariable rule can be laid down as a general proposition defining fraud, as it includes all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated."

Let us examine the evidence and see if the finding of the court is clearly against the weight of the evidence when weighed in accordance with the above decisions. The plaintiff, to support her allegations of the petition, testified that she was a young girl, had just reached her majority, and had no experience in business; that Mr. Forman was a lawyer residing in the same town, whom she knew, and when he informed her that Mr. Reed would pay $2,500 for the land, she informed him she had been offered $5,000, and Mr. Forman informed her in substance that she would get the $2,500 when she signed the deed, and the balance or

whatever the land was worth when her husband signed the deed, and the deed would be no good without her husband signing it, and she asked him several times if he was real sure about it, that a deed signed by her without her husband's signature would be no good, and he stood in the door and held up his right hand and said: "As sure as God is in Heaven that deed won't be any good, until it is signed by your husband." She suggested that she see someone else and talked about going to see Mr. Brooks, who had been county judge, and Mr. Forman got up and stood in the door and again informed plaintiff the deed would not be worth five cents, and for her to sign and to be sure and wire her husband not to sign the deed and he could get $8,000 or $10,000 in addition to what she was being paid. The brother testified that Mr. Forman advised the plaintiff that the deed was no good unless it was signed by her husband. The plaintiff testified that Mr. Reed during this conversation was in the next room, where he could hear all that was said. Mr. Forman denied that he made such statements, but stated he did tell plaintiff that if he was buying the land he would want the husband to sign the deed. Mr. Reed denies that he heard any such conversation, but does not say that such representations could not have been made and he not heard the same. When we consider the evidence of the plaintiff and that of her brother regarding the statements made by Mr. Forman and the conversation regarding this transaction between Mr. Forman and Mr. Taylor and the conversation between Mr. Reed and Mr. Taylor and consider the value of the property and the undisputed evidence that the plaintiff had been offered $5,000 for this property a short time prior thereto, and there being no explanation why she should sell it for $2,500 when she was offered $5,000 for the same, we are unable to say, when considering all these facts, that the finding of the trial court when measured by the rule announced in the former decision, of this court is clearly against the weight of the evidence.

The representations made by Mr. Forman, as testified to by plaintiff and her brother, if true, amounted to fraud, as heretofore defined, and made with the intent to deceive, and did deceive the plaintiff.

For the reasons stated, the judgment of the court is affirmed.

HARRISON, C. J., and PITCHFORD, ELTING, and NICHOLSON, JJ. concur.