**BOURLAND v. MOSIER, Trustee, et al.**

No. 13413—Opinion Filed April 8, 1924.

**1. Principal and Agent—Burden of Proof —Extent of Authority.**

The law itself makes no presumption of agency, and the burden of proving agency, including not only the fact of its existence, but its nature and extent, rests ordinarily upon the party who alleged it.

**2. Same—Failure of Evidence.**

Held, that the trial court properly sustained demurrer to plaintiffs' evidence and that same fails to establish the authority of the alleged agent to bind the defendants.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Muskogee County; Benjamin B. Wheeler, Judge.

R. H. Bourland sued John Mosier, trustee, et al., for debt. From judgment for defendants on demurrer to plaintiff's evidence, plaintiff appeals. Affirmed.

Vilas V. Vernor and M. A. Dennis, for plaintiff in error.

Mosier, Bohannon & Mosier, for defendants in error.

Opinion by ESTES, C. The Acme Drilling Company, under contract, was drilling an oil and gas well for defendants in error near Okmulgee. Plaintiff in error, Bourland, sued defendants in error for $352, for transporting a pumper, Hunt, to and from said well. Plaintiff alleged that one Bowser was the agent of defendants in charge of drilling and supervising said well and that said Bowser employed plaintiff to haul said Hunt at $4 per trip from the city of Okmulgee. Defendants, by verified answer, denied that they ever thus employed plaintiff, and denied the agency of Bowers to employ plaintiff. Judgment was for defendants on demurrer to plaintiff's evidence.

Did the court err in sustaining such demurrer? There is some evidence tending to show that Bowser acted for some of defendants in certain matters in and about the drilling. Plaintiff testified that Hunt employed plaintiff to haul the latter. On cross-examination Hunt testified:

"Q. What was the conversation when Bowser employed you? A. Well, he just asked me did I think I could run the pump, and I told him yes, and he asked me did I have a way to get out, and I told him no, I could get the jitney driver to haul me out, and he said all right. * * *

"Q. As a matter of fact, you were supposed to furnish your own conveyance—you were doing the work for four and a half a day—that was your pay to pump that water, for four and a half a day? A. Yes, sir; I was supposed to pump it for four and a half a day and he was supposed to furnish a way to get out there. * * *

"Q. You mean to tell the jury then your contract was to pay you four and a-half a day and furnish you a car to go back and forth? A. Yes, sir. * * *

"Q. What arrangement did you make with Mr. Bourland for hauling you, if any? A. Well, Mr. Bowser asked me to get somebody to haul me out." (The court struck the last answer as not proper.)

In Reed v. Robinson, 83 Okla. 68, 200 Pac. 773, it is said:

"The law itself makes no presumption of agency, and the burden of proving agency, including not only the fact of its existence but its nature and extent, rests ordinarily upon the party who alleged it."

It is well settled that the fact that one purports to act as an agent for another is not of itself sufficient to submit the question of agency to the jury. Thorp Oil & Specialty Co. v. Home Oil Refining Co., 79

Okla. 225, 192 Pac. 573; Oklahoma Automobile Co. v. Benner, 70 Oklahoma, 174 Pac. 567. The evidence fails to show that Bowser had authority alleged. That he was field manager for one of the defendants is not evidence that his authority extended to the alleged employment of plaintiff. Hunt said to Bowser that 'ne, Hunt, could get a jitney driver to haul him. Bowser replied "all right"'. The court struck the statement of Hunt that Bowser asked Hunt to get somebody to haul him. It was not established that Bowser had authority to bind defendants.

Plaintiff offered to prove that he submitted a statement for part of 'his claim to the manager of the Acme Drilling Company; that such manager delivered same to Mr. Bowser, or a Mr. Hill, as former field manager, and that they made no objection to the statement. The refusal of the court to admit such testimony was clearly proper for the reasons stated above. Admitting the truth of all the evidence of plaintiff and of all the facts which it tends to establish, as well as every fair and reasonable inference therefrom, the court did not err in sustaining such demurrer.

It is recommended that the judgment or the trial court be affirmed.

By the Court: It is so ordered.