### WAKEN et al. v. DAVIS.

No. 13810—Opinion Filed Sept. 15, 1925.

**1. Principal and Agent—Burden of Proof of Agency.**

The law makes no presumption of agency, and the burden of proving agency, including not only the fact of its existence, but the nature and extent thereof, rests upon the party who alleges it.

**2. Same—Husband and Wife—Relation.**

The relationship of husband and wife, of itself, does not authorize the conclusion that the husband is the agent of the wife.

**3. Evidence — Opinions — Insufficiency to Prove Damages.**

W. purchased a stock of goods from D. and later sought to rescind the contract, closed the store, and refused to pay for the goods. D. brought an action against W. to recover the value of the stock of goods and for damages occasioned by inpairing the business standing and credit of D. by closing the store. No evidence was introduced to show the manner, extent, or in what way D. was damaged by closing the store, but witnesses were permitted to testify that, in their opinion, D. was damaged by closing the store. Held, that such opinions were not legal evidence upon which a recovery could be predicated.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Garfield County: James B. Cullison, Judge.

Action by Samuel Davis against Samuel Waken and Hannah Waken. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

Morris & Tant, for plaintiffs in error.

H. Z. Wedgwood, for defendant in error.

Opinion by JARMAN, C. The amended petition of Samuel Davis, plaintiff in the trial court, defendant in error here, alleges that on or about July 10, 1921, Samuel Waken, for and in behalf of himself and as the agent of Hannah Waken, purchased a certain stock of groceries from him, and agreed to pay the invoice price thereof by satisfying the outstanding claims of certain jobbers against the stock, amounting to about $540, and the balance to be credited on a certain note which the plaintiff owed the defendants Waken; that the stock of goods was invoiced and delivered to the defendants but they sought to rescind the contract and refused to pay for goods. The plaintiff prayed for judgment against the defendants for the amount of the invoice price, for damages alleged to have been suffered by the plaintiff to his business and credit through the failure of the defendants to pay the indebtedness against the stock of goods, and for damages for loss of time in attempting to get matters adjusted, etc.

Each of the defendants filed an answer, denying specifically the allegations of the petition of plaintiff; and the defendant Hannah Waken further denied that Samuel Waken was her agent or that he had any authority to represent her in said transaction. Verdict and judgment were for the plaintiff in the sum of $168.98, from which the defendants have appealed.

The defendant Hannah Waken assigns as error the overruling of her demurrer to plaintiff's evidence. This requires us to review the evidence of the plaintiff, which shows that on or about January 24, 1921, Samuel Waken owned a certain grocery store and sold the same to Samuel Davis, the plaintiff herein, for $1,000 for which Davis gave his note, and upon the request of Waken, the note was made payable to Hannah Waken, his wife. It is not shown that Hannah Waken was present at the time of this transaction or that she knew anything about it, or that the note was ever delivered to her or that she knew such a note was ever in existence. On July 10, 1921, Samuel Waken advised Davis that he

was on a deal to sell the fixtures in the store, where Davis had his stock of groceries, and inquired if Davis would sell the groceries in connection therewith, to which Davis indicated he would; and in this connection the plaintiff testified:

"He came back in later and said if he didn't make the deal with them, he would take it himself. I said: 'All right, we will invoice it Sunday.' On Sunday morning, we met there by appointment and took an account of the goods," etc.

There is no evidence to show that Hannah Waken was present at the time of this agreement, or that she even knew a trade had been made by her husband to purchase the stock of groceries. There is not a circumstance, except the relationship of husband and wife, to indicate that Samuel Waken was the agent of his wife in said transaction, and that is wholly insufficient to establish agency. Smith v. Cornwell & Chowning Lbr. Co., 101 Okla. 86, 223 Pac. 154. The law makes no presumption of agency, and the burden of proving agency, including not only the fact of its existence, but the nature and extent thereof, rests upon the party who alleges it. Bourland v. Mosier, 98 Okla. 262, 225 Pac. 348. It was, therefore, error for the trial court to overrule the demurrer of the defendant Hannah Waken to the evidence of the plaintiff.

The defendant Samuel Waken assigns as error the permitting of witnesses to testify over objection, that in their opinion the business standing and the credit of the plaintiff were damaged by the defendants' closing the store and failing and neglecting to pay the indebtedness of plaintiff to wholesale houses. Damages of this character cannot be established by the opinions of witnesses. There was no evidence to show the manner and the extent, or in what way, the plaintiff was damaged by the closing of the store or the failure of the defendants to pay the claims of the wholesale houses. The permitting of witnesses to testify that in their opinion the plaintiff was damaged in the manner indicated was erroneous and highly prejudicial, in view of the fact that the court instructed the jury that the damages suffered by the plaintiff by the closing of the store and the failure of the defendants to pay the claims of the wholesale houses should be taken into consideration in the event the verdict was for the plaintiff. Clark v. Uihlein, 52 Okla. 48, 152 Pac. 589.

The judgment of the trial court is re-

versed, and the cause remanded for a new
trial.

By the Court: It is so ordered.

Note.—See under (1) 2 C. J. p. 923, § 662.
21 R. C. L. p. 822; 3 R. C. L. Supp. p. 1192;
4 R. C. L. Supp. p. 1431, 5 R. C. L. Supp.
p. 1173. (2) 30 C.J. p. 621, § 171; anno. L.
R. A. 1918F, 20; 4 A. L. R. 1030; 13 R. C. L.
1168; 3 R. C. L. Supp. 126, 4 R. C. L. Supp.
850. (3) 22 C. J. p. 506, § 598.