## COMMERCE TRUST CO. v. JAMES.

No. 16831—Opinion Filed Sept. 28, 1926.

1. **Principal and Agent—Proof of Agency—Acts and Declarations of Agent.**

The law makes no presumption of agency and the burden of proving agency, as well as the nature and extent thereof, rests upon the party alleging it; and the acts and declarations of the agent are not of themselves sufficient to establish agency.

2. **Same—Lack of Authority as Agent to Release Mortgage.**

Record examined, and held, that the judgment of the trial court is supported by the evidence.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Ellis County; T. P. Clay, Judge.

Action by Lizzie F. James against the Commerce Trust Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Hatchett & Ferguson, for plaintiff in error.

Mauntel, Doolin & Spellman, for defendant in error.

Opinion by JARMAN, C. This was an action by Lizzie F. James to foreclose a certain real estate mortgage executed by Alonza C. Bortheck and Ollie J. Bortheck in the principal sum of $1,500. The defendant, Commerce Trust Company, a corporation, by cross-petition sought to have its mortgage in the principal sum of $2,000 decreed to be a first lien on the mortgaged premises and to have the same foreclosed.. Judgment was

for the plaintiff, and the defendant trust company brings error.

On September 23, 1914, Alonza and Ollie Bortheck owned the land in question and borrowed $1,500 from V. B. Brown, executing their note therefor and a mortgage on the land in question to secure the same. On October 1, 1914, Brown, by indorsement, assigned the note to the plaintiff, Lizzie F. James. There was no formal assignment of the mortgage to the plaintiff by Brown. On June 28, 1915, the Borthecks sold the land to Nettie S. Young, who assumed the mortgage referred to. In December, 1921, Mrs. Young executed a mortgage to the Commerce Trust Company in the sum of $2,000, and in the month of February, 1922, Brown executed and caused to be placed of record a release of the Bortheck mortgage, which had been assumed by Mrs. Young.

The only question involved is whether Brown acted as the agent of the plaintiff in releasing the Bortheck mortgage. Such agency is denied by the plaintiff. On the other hand, Brown testified that he was the duly constituted and recognized agent of the plaintiff. These were the only witnesses on the question of agency, except a Mr. McKelvy, who testified with reference to a conversation the plaintiff had with him soon after this suit was filed in the lower court, wherein the witness stated:

"She said that he (Brown) had been in the habit of loaning money for her, collecting it and reloaning it without her knowledge."

This evidence is without any probative value whatever as far as it supports the proving of agency. On the contrary, it tends to corroborate the testimony of the plaintiff, wherein she testified that the loaning of her funds by Brown was without her knowledge. The law makes no presumption of agency, and the burden of proving agency, as well as the nature and extent thereof, rests upon the party alleging it (Bourland v. Mosier, 98 Okla. 262, 225 Pac. 348); and the acts and declarations of the agent are not of themselves sufficient to establish agency. Commerce Furniture & Undertaking Co. v. White Sewing Machine Co., 94 Okla. 299, 222 Pac. 516. Under these rules, the defendant, Commerce Trust Company, wholly failed to establish agency on the part of Brown to represent the plaintiff in the matter of releasing the mortgage in question.

Opposed to the testimony of the purported agent, Brown, the plaintiff testified positively that she never authorized Brown to loan any of her funds which were on deposit in the bank of which Brown was the manager, and

that his loaning any of her funds was done without her knowledge or consent; that when she learned that he had loaned some of her funds she immediately objected thereto, and withdrew her funds from Brown's bank and deposited same in another bank.

The judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 2 C. J. p. 919, §647; p. 923, §662; p. 925, §665; p. 936, §692; 21 R. C. L. p. 822; 3 R. C. L. Supp. 1193. (2). 2 C. J. pp. 954, 956, §727.