**HAGLER v. BREEZE, Adm'x.**

No. 22525. Sept. 11, 1934.

Everest, McKenzie, Halley & Gibbens, for plaintiff in error.

Moss & Powell, for defendant in error.

CULLISON, V. C. J. Susan Breeze, administratrix of the estate of Henry C. Breeze, filed suit against B. E. Hagler, seeking to recover damages for the death of Henry C. Breeze, husband of said administratrix.

The record discloses that defendant was engaged in the plumbing business in Oklahoma City; that B. E. Hagler, Jr., son of defendant, attended high school in Oklahoma City, and did some clerical work for defendant during such time as he was not in school. Henry C. Breeze was an elderly man 77 years of age at the time of said accident, which is the basis of this suit. On November 23, 1929, B. E. Hagler, Jr., took a car belonging to his father and drove the same from his father's place of business to Capitol Hill in Oklahoma City, and upon returning from Capitol Hill, and while driving north on Walker avenue, struck Henry C. Breeze with said car, and said Henry C. Breeze died as a result of said accident.

Plaintiff filed said suit claiming that B. E. Hagler, Jr., was engaged upon a mission for defendant at the time of said injury. Defendant contended in his answer that B. E. Hagler, Jr., was not engaged upon any mission for defendant, but was engaged in a trip solely his own, and that said accidental injury was not chargeable to defendant.

Upon trial of said cause the jury found for plaintiff, and from said judgment defendant appeals and contends:

"That upon the whole evidence it was the duty of the court to have instructed the jury to return a verdict for the defendant."

This presents the question of whether or not there was sufficient evidence to sustain plaintiff's cause of action, and this is determined primarily by the question of whether or not B. E. Hagler, Jr., was engaged upon a mission for his father, defendant herein, or whether or not he was engaged upon a mission of his own.

The evidence upon said question is conflicting. The only evidence showing that he was engaged upon a mission for his father was the testimony of the son of deceased, who testified that he met with defendant at the hospital shortly after the accident, and that defendant admitted at that time that the son was engaged upon an errand for defendant in his business capacity at the time of said accident.

The defendant denied making such statement and denied that the son was engaged in any business for defendant at the time of said accident. The son denied that he was engaged upon any business for his father at the time of said accident, but stated he was engaged upon business of his own, and introduced testimony of a friend of his to whose residence he had gone upon the trip in question, substantiating the son's testimony.

Under the testimony just outlined, the request of defendant for an instructed verdict was properly rejected. The proper rule in such case was announced by this court in the case of Chickasha Inv. Co. v. Phillips et al., 58 Okla. 760, 161 P. 223.

"The question presented on a motion to direct a verdict is whether, admitting the truth of all the evidence in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn from it, there is enough competent evidence to reasonably sustain a verdict in favor of such party."

Under the authority cited there was no error in the ruling of the trial court. This disposes of the contention of defendant.

The judgment of the trial court is affirmed.

RILEY, C. J., and ANDREWS, OSBORN, and BUSBY, JJ., concur.