**STOVER et al. v. MACKIE.**

No. 22718. Feb. 19, 1935.

Oscar C. Simpson, for plaintiffs in error.

J. C. Helms, for defendant in error.

CORN, J. This case originated in the district court of Oklahoma county, and the parties will be referred to herein as they appeared in trial court, Frank F. Mackie being the plaintiff and John H. Stover and A. R. Marbury the defendants in the court below.

The plaintiff, Frank F. Mackie, recovered judgment against the defendants, John H. Stover and A. R. Marbury, in the sum of $553.50 for damages sustained by him to his automobile caused by an automobile accident through the negligence of the defendants. For the reversal of this judgment, the defendants appealed.

The accident, as detailed by the plaintiff in his petition and in his testimony at the trial, occurred upon the paved highway near the town of Orlando. Plaintiff alleged that he was driving his car on said highway in careful and proper manner and that the defendant Marbury, driving his car in the same direction, overtook plaintiff and attempted to drive around and pass him, without warning, just as the two cars were approaching a culvert and a truck was approaching from the opposite direction. The three vehicles jammed together on the culvert, Marbury's car striking plaintiff's car and hurling it against the concrete railing of the culvert and causing the damage complained of by the plaintiff.

Plaintiff alleged in his petition that Marbury was in the employ of John H. Stover and at the time of the accident was engaged in carrying out the objects and purposes of his employment, and that by reason of this relationship the said John H. Stover was also liable for said damages.

Separate answers were filed by the defendants. The defendant Marbury's answer was a general denial of any liability, and further set up contributory negligence on the part of the plaintiff. The defendant Stover denied generally each and all the material allegations in plaintiff's petition, and specifically denied that Marbury was his servant or agent, but alleged that Marbury was an independent contractor and was not in his employ at the time of the accident.

At the close of the evidence offered by plaintiff at the trial of the cause, the defendants demurred to its sufficiency, which demurrer was overruled by the court. And when all the evidence was in, the defendants requested the court to instruct the jury to return a verdict for the defendants and against the plaintiff. This was denied and the cause was submitted to the jury under the instructions of the court. The jury returned a verdict awarding the plaintiff damages in the above-mentioned sum. The defendants then moved for judgment in their favor notwithstanding the verdict of the jury, which motion was by the court denied.

The defendants' several assignments of error are directed at the sufficiency of the evidence to sustain the verdict of the jury, as to the negligence of the defendants, the amount of recovery, and the liability of the defendant Stover.

The evidence, as disclosed by the record, shows that the accident alleged in plaintiff's petition did occur and that it was caused by the negligence of the defendant A. R. Marbury in attempting to go around plaintiff's car on the highway when a truck was approaching from the opposite direction at such distance as to make a safe clearance of the other vehicles impossible. The truck driver, F. J. Bryan, testified in regard to the damages done to plaintiff's car, and the plaintiff in his testimony gave the several items making up the amount of $553.50 awarded by the jury. Neither of the de-

fendants offered any evidence to the contrary, and there appears no reason why the verdict of the jury should be disturbed.

In action for damages the jury is charged with the duty to fix the amount of damages, and its verdict will not be set aside for excessive damages unless it clearly appears that the jury committed some gross and palpable error or acted under some improper bias, influence, or prejudice, or has totally mistaken the rules of law by which the amount of damages is fixed. City of Pawhuska v. Black, 117 Okla. 108, 244 P. 1114; Muskogee Elec. Tract. Co. v. Dunnam, 129 Okla. 70, 263 P. 1091; Bucktrot v. Partridge, 130 Okla. 122, 126, 265 P. 768.

However, to fix liability against the defendant John H. Stover, it must also appear that the relation of principal and agent or master and servant existed at the time of the accident, and that the alleged agent, Marbury, was acting in line of duty in his employment.

The law makes no presumption of agency, and the burden of proving agency, including not only the fact of its existence but its nature and extent, rests ordinarily upon the party who alleges it. McDonald; v. Strawn, 78 Okla. 271, 190 P. 558; Commerce Trust Co. v. James, 119 Okla. 296, 249 P. 407; Pierce Oil Corp. v. Myers, 117 Okla. 161, 245 P. 863.

We have examined the record to determine if agency was established by competent evidence. The plaintiff testified that at the time the accident occurred he asked the defendant Marbury what he was going to do about paying the damages, and that Marbury told him that he had to borrow the money from his boss to buy the car and that he did not think he would be able to do anything about it. Plaintiff then asked whom he worked for, and he said that he worked for a man by the name of Stover who sold schoolbooks. Plaintiff later took the matter up with Mr. Stover, and Stover admitted that Marbury was in his employ.

J. H. Garrett, a car salesman, and the only witness produced by the defendants, testified that he sold the Marbury car; that it was delivered to Marbury, but that Stover made the down payment and executed the contract for the remainder of the purchase price and took title to the car in his own name. The witness further testified that he understood that the car was being purchased for Marbury and that Stover was to take the payments out of Marbury's pay for his work to finish paying for the car.

The defendants contend that the trial court erred in not ruling out the testimony of plaintiff as to the declarations of Marbury at the time of the accident with reference to his being employed by Stover. It is true that the declarations of an agent in the absence of the alleged principal, standing alone, are inadmissible and not binding upon the alleged principal.

While it is the general rule that declarations of an agent made to a third person in the absence of the alleged principal are inadmissible in evidence for the purpose of establishing agency, notwithstanding the rule, it has many well-established exceptions; one of the well-recognized exceptions to the rule is that when agency is otherwise established by competent testimony, such declarations become admissible in corroboration and as part of the res gestae, where made at the time of the transaction in question. Citizens Bank of Gans v. Mabray, 90 Okla. 63, 215 P. 1067.

Under the foregoing rule, the plaintiff's testimony relative to the declarations of the agent, Marbury, at the time of the accident, when connected up with the admission of Stover as to such employment and the testimony of the witness, J. H. Garrett, relative to the sale of the car to the defendants, was admissible, and the trial court committed no error in receiving it in evidence.

We find no evidence in the record that Marbury, at the time of the accident, was in performance of any duty in connection with his employment, but where agency had been established we think the trial court was justified in indulging the presumption that the agent was acting in line of the duties of his employment. This presumption was strengthened by the fact that the defendant Stover failed to take the witness stand to show that Marbury was on a mission of his own and not at the time carrying on the work of his employment, if such had been the case. Boling v. Ashridge, 84 Okla. 280, 203 P. 894; Kramer v. Nichols-Chandler Home Bldg. & Brok. Co., 93 Okla. 227, 220 P. 338; Stumpf v. Montgomery, 101 Okla. 257, 226 P. 65.

Neither of the defendants took the witness stand during the trial. They evidently abandoned their defense charging contributory negligence on the part of plaintiff. The defendant Stover made no effort to prove his defense that Marbury was an independent contractor. The defendants rested their whole case on the assumption that plaintiff had failed to make his case and

that the court should direct the verdict in their favor.

In the case the question of agency was a question for the jury to determine, as well as the question of damages, and we find nothing in the record to indicate that the verdict was a result of passion or prejudice. The evidence fairly sustains the verdict and apparently the court acted fairly within its discretion in overruling the demurrer to the evidence and in overruling the motion for a directed verdict. The court's instructions contain a correct statement of the law covering all the issues in the case, and no reversible error appearing in the record, the judgment of the trial court will be affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and WELCH, JJ., concur.