## SAND SPRINGS HOME v. PERIN ENGINEERING CO., Inc.

No. 25072.  June 25, 1935.

Rehearing Denied July 9, 1935.

C. B. Stuart, E. J. Doerner, B. A. Hamilton, and P. P. Pinkerton, for plaintiff in error.

Irvine E. Ungerman and Frank Hickman, for defendant in error.

PER CURIAM. This is an action brought by the Perin Engineering Company, Inc., successors to Perin & Marshall, of New York City, to recover for services rendered as consulting engineers in an effort to reduce operating expenses of the Tulsa Rolling Mills Company, a Delaware corporation, operating a steel mill at Sand Springs in Tulsa county, Okla. The amount involved is $1,310.40, which plaintiff below claims was due it for services rendered and expenses of making an investigation of the mill's business.

It appears from the evidence that the Tulsa Rolling Mills had been operating for some time at a great loss, and the Sand Springs Home, also a corporation, with large interests at Sand Springs, and also the principal stockholder and creditor of the rolling mills, was extremely anxious to learn what was wrong with the operation of the mill that it could not make a profit. It also appears that C. A. Coakley, an attorney of Tulsa, Okla., and who was a member of the board of directors, secretary and a member of the executive committee of the Tulsa Rolling Mills Company, a corporation, was also the attorney for the Sand Springs Home and contacted Perin & Marshall and arranged with them to make the investigation and report their findings to the board of directors. The communications between Mr. Coakley and Perin & Marshall were carried on by letter and wire, and the result was that Perin & Marshall sent a Mr. Estep to Tulsa to make the investigation; he arrived there about the 27th day of January, 1930, and after an investigation lasting about ten days made a preliminary report to the board of directors at a meeting held at Sand Springs on the 14th day of February, 1930, at which all of the directors of the Tulsa Rolling Mills Company were present, some of the directors being trustees of the Sand Springs Home, and agreed to make a more complete and comprehensive report at a later date, which was accordingly done about nine months later and after the rolling mills had been placed in receivership. The amount to be charged by Perin & Marshall was agreed upon, and that point is not in dispute. The sole question in controversy is who employed this plaintiff.

It was the contention of the plaintiff that these services were performed on behalf of the Sand Springs Home. It was the con-

tention of the defendant that these services were performed on behalf of the Tulsa Rolling Mills Company; that Mr. Coakley in sending the telegram and correspondence did so as secretary, director, and a member of the executive committee of the Tulsa Rolling Mills Company.

Long after the services were performed, a statement of the plaintiff's charges was sent to Mr. Coakley, and he directed that this statement be sent to the receiver for the rolling mills, and that was accordingly done, and the receiver rejected the claim for the reason that the report was of no value when received, on account of its failure to furnish said report to the Tulsa Rolling Mills Company within a reasonable time after its investigation. And upon these grounds alone the objection was sustained by the Hon. Franklin E. Kennamer, Judge of the United States District Court, before whom the receivership action was pending, and upon a hearing on said claim, after notice given to the plaintiff, and later this action was filed against the Sand Springs Home to collect this bill.

The entire record discloses a lack of any positive evidence fixing responsibility. The trustees of the Sand Springs Home denied liability, and no authority was ever given by the trustees at any board meeting at which a minute was made on its corporate records showing such authorization, and the same is true of the Tulsa Rolling Mills Company. It appears from all the evidence that both companies desired the investigation to fix the blame for the mill's failure to make a profit. The preliminary report disclosed that the company's assets were being paid out in exorbitant salaries, and the blame fixed, at least, in part.

At the close of the evidence upon the hearing of this cause, the defendant requested an instructed verdict, and this was by the trial court denied and exceptions saved. As to whether this was properly overruled rests the proper determination of this matter.

The first question to be determined is, Was Attorney C. A. Coakley the agent of the Sand Springs Home, and was he instructed to employ Perin & Marshall, and did he possess the authority to do this? His testimony on this point is far from being satisfactory, and he excuses it by his statement that at that time many perplexing questions were demanding his attention relative to these two enterprises, and he is now unable to say just who gave him au-

thority to employ plaintiffs, and this question is left for settlement to the correspondence passing between the parties as the best evidence. In a telegram sent by Attorney Coakley to Perin & Marshall it is stated that the "directors have decided that they want now your investigation and report," and this led to the employment of the plaintiff. The Sand Springs Home operated under trustees and had no directors. On December 15, 1930, C. A. Coakley wrote Perin & Marshall that the Tulsa Rolling Mills property had been placed in the hands of a receiver and that this bill should be filed with him. The trustees of the Sand Springs Home denied that they authorized the employment of Perin & Marshall. No one connected with either business, by direct and positive evidence, was able to state who authorized plaintiff's employment. Both companies denied responsibility for the acts of Mr. Coakley.

Agency is never presumed, and must be established by direct and positive evidence. This is true from the fact that one party is endeavoring to fix responsibility upon another, who in most cases is not present to speak for himself, but if agency is once established, the acts of the agent are as binding as the acts of his principal.

This question seems to be well settled and has been passed upon by this court. In Shuler v. Viger, 123 Okla. 110, 252 P. 18, the court says:

"It is incumbent upon a person dealing with an alleged agent to discover, at his peril, whether the assumed agency be general or special, that such pretended agent had authority, and that such authority is in its nature and extent sufficient to permit him to do the proposed act.

"The law itself makes no presumption of agency, and the burden of proving agency, including not only the fact of its existence, but its nature and extent, rests ordinarily upon the party who alleged it."

This was also the holding of this court in McDonald, Adm'r, v. Strawn, 78 Okla. 271, 190 P. 558; Reed v. Robinson, 83 Okla. 68, 200 P. 773; Bourland v. Mosier et al., 98 Okla. 262, 225 P. 348; Commerce Trust Co. v. James, 119 Okla. 296, 249 P. 407.

The telegram of C. A. Coakley stated that the directors desired the services of Perin & Marshall, and the other letters and telegrams written by Mr. Coakley throw no different light on this question, except when the bill was presented for payment he directed that it be sent to the receiver for the rolling mills, and in our opinion this is a

construction placed by him upon his former acts, and at least shows that it was his idea that the bill was to be paid by the milling company. No proof is offered on behalf of the plaintiff as to whom it looked to for the payment of its bill. The decision must rest upon documentary evidence to establish the payer. In our opinion, the court below should have instructed the jury to return a verdict for defendant. The burden of the proof was upon the plaintiff to make out its case, and in this it wholly failed, and the trial court should not have shifted the responsibility to the jury. There was not sufficient controverted evidence to entitle the case to go to the jury. This court has held in a number of cases that the trial court should properly instruct a verdict when the evidence warrants it.

The proper rule on a motion to direct a verdict was announced in this court in the case of Hagler v. Breeze, Adm'x, 169 Okla. 37, 35 P. (2d) 892:

"'The question presented on a motion to direct a verdict is whether, admitting the truth of all the evidence in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn from it, there is enough competent evidence to reasonably sustain a verdict in favor of such party.' Chickasha Inv. Co. v. Phillips et al.; 58 Okla. 760, 161 P. 223."

The evidence not only fails to show that the Sand Springs Home employed Perin & Marshall, but the correspondence leaves the unmistakable inference that Attorney Coakley was acting for the rolling mills. Having reached this conclusion, we are convinced that the court should have instructed a verdict for the defendant.

We are not unmindful of the consideration that should be given the verdict of the jury when proper instructions are given, but the trial court should never shift its duty to a jury. This court has repeatedly held that where there is a conflict in the evidence, the finding of the jury will not be disturbed. This is not the case here, and the verdict of the jury is wholly without evidence to support it.

We find that the trial court should have instructed a verdict for the defendant, and the court so holds. The cause is reversed, with instructions to dismiss the action.

The Supreme Court acknowledges the aid of Attorneys Geo. C. Beidleman, John Caruthers, and A. N. Boatman in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Beidleman and approved by Mr. Caruthers and Mr. Boatman, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.