**T. H. LANCE, Plaintiff in Error,**

v.

**Ruby SMITH, Defendant in Error.**

**No. 37256.**

Supreme Court of Oklahoma.

Jan. 15, 1957.

Rucker, Tabor & Cox, Truman B. Rucker, Joseph A. Sharp, Tulsa, for plaintiff in error.

Finch & Finch, Sapulpa, for defendant in error.

CORN, Vice Chief Justice.

The parties will be referred to as they appeared in the trial court.

At 7:30 p. m. on February 14, 1955, Ruby Smith, the plaintiff, was riding in an automobile driven by her father, T. H. Lance, the defendant. He was taking her home, and en route stopped at the Green Spray Grocery store, located on the northeast

corner of the intersection of Mission and Jackson streets in Sapulpa. Mission street runs north and south and Jackson runs east and west. The defendant parked his car just south of the grocery store and in an area used by customers of the store for parking purposes. After purchasing groceries the defendant backed his car into Jackson street at a point about twenty to thirty feet east of the intersection of Jackson and Mission streets. At that time there was a large truck parked on Mission street just north of its intersection with Jackson street and west of the grocery store. This, together with the Green Spray Grocery building obstructed the view of the defendant, Lance, and he could not see any vehicles approaching from the north, or his right, until after he passed the rear of the parked truck. At the same time a car driven by Mildred McDowell was traveling south on Mission street and the evidence of the plaintiff shows that the two cars collided at or near the center of the street intersection. Mission street carries the traffic of Highways 33, 75 and 66 and was a through street.

The plaintiff filed suit against the defendant and Mildred McDowell as a result of the injuries she sustained. The case was tried to a jury; the court sustained the demurrer of the defendant, McDowell, and at the conclusion of all the evidence the case was submitted to the jury and it returned a verdict in favor of the plaintiff and against the defendant in the sum of $5,000.

Plaintiff bases her cause of action on the negligence of the defendant in driving into the street intersection when his vision was obstructed by the parked truck and failure to turn his automobile to the right or left to avoid the collision and failure to yield the right of way to the vehicle driven by the defendant, McDowell, approaching from his right. The defendant filed a general denial and further pleaded unavoidable accident, contributory negligence and independent intervening negligence of the defendant McDowell.

The defendant for reversal of the judgment advances three propositions, namely: the court erred in failure to sustain the defendant's demurrer to the plaintiff's evidence and defendant's motion for directed verdict; the court erred in giving its instruction; and improper argument of the plaintiff's counsel. We will consider each assignment of error in the order mentioned.

The evidence showed the defendant, T. H. Lance, came to plaintiff's home on the morning of February 14, 1955, and took her to his home; that she had spent the day helping with the household duties in the home, her mother having died a short time prior to this date. That when the defendant came in from work that afternoon he started to take the plaintiff to her home. On the way he stopped at the Green Spray Grocery, located on the northeast corner of the intersection of Jackson and Mission streets, to buy groceries. He parked his car on Jackson street approximately twenty feet from the intersection in a parking strip just south of the grocery and went in to the store, got the groceries and returned to the car, backed it out in the street and started to cross Mission street; that a large truck was parked on the east side of Mission street and just west of the Green Spray Grocery, making it impossible for the defendant to see to the north on Mission street until after the truck had been passed; that defendant stopped his car when he backed away from the grocery store and did not again stop from that point to the point of collision. The estimated distance was twenty feet from the intersection of the two streets. The plaintiff was on the side of the car nearest the other approaching vehicle and was holding her infant child in her arms at that time.

The defendant, immediately after the accident, said, he guessed it was his fault. The only witness introduced by the defendant was a policeman who stated that Mission street was a hard surface street used by Highways 33, 75 and 66, and was a main thoroughfare of the city of Sapulpa.

He was uncertain as to the point of impact of the two vehicles.

This court in the case of Enterline **v.** Smith, 105 Okl. 200, 231 P. 1064, stated:

"In an action for damages for injury to an automobile, caused by collision at a street intersection, where the testimony clearly shows that each driver at the time of the collision was upon the right of the center of the street upon which he was driving as he approached the intersection, and where the testimony further shows in detail the nature, extent, and location of the injuries to each car from the collision, it is a question of fact for the jury to determine as to which driver first entered the intersection and was entitled to right of way across it."

See also McIntire v. Burns, 172 Okl. 152, 42 P.2d 143, and Oklahoma Transportation Co. v. Stine, Okl., 280 P.2d 1020.

This court has held that the statements made by the driver of the car immediately after the accident are a part of the res gestæ and admissible in evidence. See Gibson Oil Co. v. Westbrooke, 160 Okl. 26, 16 P.2d 127; Hagler v. Breeze, 169 Okl. 37, 35 P.2d 892; and Phillips Petroleum Co. **v.** Ward, 181 Okl. 462, 74 P.2d 614.

We therefore hold that the trial court properly overruled the defendant's demurrer and motion for directed verdict.

■■■■ The defendant complains of the trial court's instruction No. 7, to the jury, which reads as follows:

"No. 7. You are instructed that: The driver of a vehicle shall stop as required by the law of Oklahoma, at the entrance to a through highway, and shall yield the right-of-way to other vehicles which have entered the intersection from said through highway, or which are approaching so closely on said through highway as to constitute an immediate hazard, but said driver having so yielded may proceed, and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right-of-way to the vehicle so proceeding into or across the through highway.

"But this does not mean that a vehicle not having the right-of-way at such place must, at its peril, avoid collision with the vehicle having the right-of-way irrespective of care or negligence by either party, nor does such right-of-way release the vehicle thus favored from the duty of exercising due care. Both drivers must exercise every reasonable precaution, commensurate with apparent dangers incident to crossing intersections burdened with traffic to avoid injury to the persons or property on such roads or streets regardless *to* which vehicle has the right-of-way."

There is no conflict in the evidence about the defendant's failure to stop before entering the intersection. The evidence shows Lance did stop at a point somewhat back from the intersection, and the real question involved was, whether or not, in view of the circumstances, he was exercising reasonable care and caution in entering into the intersection with his view obstructed by the parked truck on his right, so that he could not see cars coming from that direction. The instruction given by the court as a whole placed no greater burden upon the defendant than was justified under the law and the evidence. See Johnson v. Short, 204 Okl. 656, 232 P. 944.

The instruction complained of is a statement of the law as it appears in 47 O.S. 1951 § 121.6 and has been approved by this court in the case of Oklahoma Transportation Co. v. Stine, supra. The instruction given by the court sufficiently followed the substance of this statutory rule, and correctly outlined the duties of plaintiff and defendant. The defendant offered no requested instructions on this issue. And in the case of Sanders v. C. P. Carter Construction Co., 206 Okl. 484, 244 P.2d 822, 824 we held:

"It is the duty of the trial court in instructing the jury on its own motion to instruct upon the decisive issues

**302**

raised by the pleadings and evidence in the case; but where the trial court does in a general way in its instruction instruct as to all of such issues and either party desires a more specific instruction as to any of such issues it is his duty to request such an instruction. In the absence of such request the court is not required to do so."

 As his last proposition the defendant contends counsel for the plaintiff made an improper argument to the jury. The objectionable part of the argument of the plaintiff counsel consisted of a statement to the jury amounting to warning them of the ability and persuasiveness of counsel for defendant and requesting that the jury apply the Golden Rule in this case. The trial court admonished the jury in each instance as follows:

"That they would be controlled only by the evidence that would come from the witness stand and the conclusion drawn by them and nothing further."

This court, in the case of Mid-Continent Petroleum Corp. v. Jamison, 197 Okl. 387, 171 P.2d 976, made the following statement of the law.

"Objections to argument by counsel for plaintiff to jury disclosed no reversible error in view of instruction that jurors were judges of whether the testimony was as stated in argument by counsel."

And in the case of Hazelrigg Trucking Co. v. Duvall, Okl., 261 P.2d 204, 205, this court held:

"Improper argument by counsel for plaintiff, while not to be condoned, does not call for reversal of verdict for plaintiff where it reasonably appears from whole record that jury was not influenced thereby and apparently followed directions of court not to consider such improper argument."

In the instant case, the hospital and medical bills of the plaintiff were $1,041.65. She underwent an operation which deprived her of further motherhood. She suffered pain and anguish. It would there-fore appear that the argument of counsel in no way influenced the jury in its verdict of $5,000.

The judgment is therefore affirmed.