## CAMPBELL et al. v. KIRKPATRICK.

No. 17001—Opinion Filed Sept. 14, 1926.

Rehearing Denied Nov. 16, 1926.

1. **Appeal and Error—Review—Conclusiveness of Verdict.**

In a civil action triable to a jury. where there is competent evidence reasonably tending to support the verdict of the jury and no prejudicial errors of law are shown in the instructions of the court, or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal.

2. **Parent and Child—Liability of Father for Minor's Negligent Driving of Automobile—Rebuttal of Presumption of Agency.**

Where a minor daughter negligently drives her father's automobile, causing injuries to third persons, the presumption is that she was acting as the agent or servant of the father, but where this reciprocal relation is clearly disproved by uncontroverted testimony, then the presumption no longer exists. In such cases it is prejudicial error to refuse to direct a verdict in favor of the father.

3. **Appeal and Error—Harmless Error—Instructions.**

Where it appears from the evidence that a verdict is so clearly right that had it been different the court should have set it aside, such verdict will not be disturbed merely for the reason that there is error found in the instructions.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action by R. B. Campbell and Mrs. Ruby Campbell against R. W. Kirkpatrick to recover for the wrongful death of plaintiffs' minor son. Judgment for defendant. and plaintiffs appeal. Affirmed.

Ahern & Fitzpatrick, for plaintiffs in error.

Brown, Brown & Williams, for defendant in error.

Opinion by FOSTER, C. This action was commenced by the plaintiffs in error, as plaintiffs, in the district court of Carter county, against the defendant in error, as defendant, to recover damages for the wrongful death of plaintiffs in error's minor son, alleged to have been caused on the 5th day of May, 1924, by the negligent handling of an automobile owned by the defendant in error and driven by his minor daughter. Parties will be hereinafter designated as they appeared in the trial court.

Both the defendant in error, R. W. Kirkpatrick, and his daughter, Beulah Kirkpatrick, were originally joined as parties defendant in the action, but subsequently the action was dismissed as to Beulah Kirkpatrick, and the action thereupon proceeded against the father, B. W. Kirkpatrick, alone. The claim of right to recover against R. W. Kirkpatrick was based upon the alleged negligence of his daughter, who was alleged to be the defendant's agent, in approaching the deceased at an excessive rate of speed without giving any warning of her approach, and in not having the automobile under proper control.

The defendant answered by way of general denial, and pleaded contributory negligence on the part of the deceased. The cause was tried to a court and jury, resulting in a verdict in favor of the defendant. From this judgment and from an order overruling their motion for a new trial, the plaintiffs appeal to this court for review.

The specifications of error relied on by the plaintiffs for a reversal of the judgment relate to the insufficiency of the evidence to support the verdict; ruling out competent and material evidence offered by the plaintiffs; error in the instructions given and refusal to give other instructions offered by the plaintiffs.

As we understand the issues raised by the pleadings in the trial court, it was incumbent upon the plaintiffs in the first instance to establish actionable negligence on the part

of the driver of the car, and that the driver was at the time an agent of the defendant.

The question of agency does not present serious difficulty. The only evidence offered by the plaintiffs to establish that the driver of the car was the agent of the owner was that the automobile, at the time of the accident, was driven by the minor daughter of the defendant, and that the defendant was the owner of the car.

There was other evidence that the automobile was used generally for the pleasure and convenience of defendant's family, and that the minor daughter of the defendant had been frequently observed prior to the accident driving the car occupied by other members of the family and by guests of the family, but since the family purpose doctrine in several recent cases has been expressly repudiated in this state, it is clear that all of the evidence introduced by the plaintiffs taken together established no more than a presumption that the driver was an agent of the owner at the time of the accident.

Upon the issue of agency the evidence on the part of the defendant was clear and direct, that at the time of the accident the defendant's daughter was driving the car upon an independent mission of her own in no way connected with the business of the father. It disclosed that the defendant had merely authorized his minor daughter to use the car in going from home to school in the town of Wilson, and in returning from school to his home at the close of school, and that on the occasion in question, after returning from school in the afternoon and finding her parents away from home, she took the car, without defendant's knowledge, and returned to Wilson upon an independent mission of her own, and that while returning to her home upon the second trip the accident occurred.

This direct testimony on the part of the defendant was uncontradicted. The effect of this uncontradicted testimony on the part of defendant was to destroy the presumption of agency arising from proof of ownership of the car by the father of the driver, and to entitle the defendant to a directed verdict. As was said by this court in McCullough et al. v. Harshman. 99 Okla. 262, 226 Pac. 555:

"Where a minor son negligently drives his father's automobile, causing injury to third persons, the presumption is that he was acting as the agent or servant of the father, but where this reciprocal relation is clearly disproved by uncontroverted testimony, then the presumption no longer exists. In such case it is prejudicial error to refuse to direct a verdict in favor of the father.".

Clearly the plaintiffs are not entitled to complain that the verdict of the jury on the issue of agency should be set aside. As before pointed out the defendant as part of his answer pleaded contributory negligence. It was the theory of the plaintiffs, as we understand the testimony offered in their behalf, that defendant's daughter drove the automobile at an excessive rate of speed upon the public road in Carter county upon and against the body of the deceased, who was standing still by the side of the highway, without giving any warning of her approach, and that as she approached the deceased she suddenly swerved the car to the left as the result of which the plaintiff's minor son was struck and killed.

It was the theory of the defendant that the car was not driven at an excessive rate of speed, and that as the driver approached the deceased on the highway and while in the exercise of due care to prevent a collision, the deceased suddenly ran from a place of safety on the east side of the highway across the highway in front of defendant's car in an attempt to board a truck which was traveling on the opposite side of the highway, and that as a result of the contributory negligence of the deceased, in so running into said automobile, he was struck and killed.

The question of whether the deceased was standing still or moving rapidly across the highway at the time he was struck by the automobile was a question of fact, which under the conflicting evidence introduced, became a matter for the jury to determine, and the jury, by its verdict, in effect has determined that the injury occurred as the result of the contributory negligence of the deceased. The trial court has approved the verdict.

The rule that the Supreme Court on appeal will set aside the verdict of the jury and direct a new trial where the record affirmatively shows that the trial court disapproved the verdict finds no application in the instant case. The rule applicable to the situation presented by the record in the instant case has been many times stated by this court in the following language:

"In a civil action triable to a jury, where there is competent evidence reasonably tending to support the verdict of the jury and no prejudicial errors of law are shown in the instructions of the court, or its ruling on law questions presented during the trial, the verdict and finding of the jury will not

25 Okla. 3, 180 Pac. 967.

be disturbed on appeal." McCoy v. Wosika, 75 Okla. 3, 180 Pac. 967.

Plaintiffs submit a lengthy argument in their brief in an attempt to demonstrate that the trial court committed prejudicial error in refusing certain instructions requested in their behalf, and in giving certain instructions over their objection.

Some of the instructions requested and refused were argumentative and relate to matters not in issue under the pleadings and the evidence in the case, as for example requested instruction No. 1, on the liability of the father for the negligent acts of his minor child driving an automobile carrying guests of the family; requested instruction No. 7, on liability of the owner of an automobile for injuries resulting from the negligent employment of a reckless or incompetent driver; and requested instruction No. 8, defining the measure of care required of the injured party attempting to escape when suddenly placed in a position of peril requiring instant action. Other requested instructions attempt to deal with the family purpose doctrine, which has been expressly repudiated in this jurisdiction. McCullough et al. v. Harshman, 99 Okla. 262, 226 Pac. 555; Stumpf v. Montgomery, 101 Okla. 257, 226 Pac. 65; Traber v. House, 112 Okla. 273, 240 Pac. 729.

While general instructions Nos. 15 and 16½ of the trial court, dealing with the burden of proof in a case where an automobile is driven by a minor child of the owner of the car, and the court's refusal to give plaintiffs' requested instructions Nos. 3 and 4, dealing with the same matter, may not be entirely correct as an abstract proposition. still it is apparent that the plaintiffs, on the issue of agency, at least, obtained more than they were entitled to in having that issue submitted to the jury at all.

We have already pointed out, that when the cause was finally submitted to the jury there was no conflict in the evidence that the automobile was driven, at the time of the accident, by the daughter of the defendant on a mission of her own, entirely independent of the father's business, and without his knowledge, and if, as has been repeatedly determined by this court, liability of the father cannot be predicated upon the mere use of the car by a member of his family with or without his consent for the pleasure and convenience alone of that member, the conclusion seems inevitable that the court would have been entirely justified in refusing to submit the case to the jury at all.

The plaintiffs were therefore not in position to complain of the court's instructions on the question of agency. Furthermore, No. 10 of the court's general instructions, although not in entire harmony with instructions Nos. 15 and 16½ of the general instructions, apparently states the rule on the burden of proof as contended for by plaintiffs in their requested instructions Nos. 3 and 4.

There being no conflict in the evidence that the defendant's daughter, at the time of the accident, was driving the car upon an independent mission of her own, of which he had no knowledge, the verdict of the jury will not be disturbed merely for the reason that the instructions are erroneously confusing and misleading.

As was said by this court in Empire Gas & Fuel Co. v. Wainscott, 91 Okla. 66, 216 Pac. 141:

"Where it appears from the evidence that a verdict is so clearly right that had it been different the court should have set it aside, such verdict will not be disturbed merely for the reason that there is error found in the instructions."

Having reached the conclusion under the evidence that the trial court would have been justified in directing a verdict in favor of the defendant, because the uncontradicted evidence established that the driver of the car was upon an independent mission of her own at the time of the accident, it becomes unnecessary to consider alleged error of the trial court in ruling out and excluding certain evidence offered by the plaintiff in connection with the alleged improper handling of the automobile at the time of the accident.

The judgment of the trial court is therefore affirmed.

By the Court: It is so ordered.

Note.—See under (1) C. J. p. 853. §2834; p. 1130, §3123. (2) 28 Cyc. p. 39; 29 Cyc. p. 1665; 38 Cyc. p. 1579; 41 L. R. A. (N. S.) 775; 50 L. R. A. (N. S.) 59; L. R. A. 1916F, 223; L. R. A. 1917F, 365; L. R. A. 1918F, 297; 5 A. L. R. 226; 10 A. L. R. 1449; 12 A. L. R. 816; 14 A. L. R. 1087; 19 A. L. R. 387; 20 A. L. R. 1469; 32 A. L. R. 1506; 36 A. L. R. 1150; 36 A. L. R. 1164. (3) 4 C. J. p. 909, §2878; p. 1029, §3013.