## PHILLIPS PETROLEUM CO. et al. v. WARD.

No. 26277.    Sept. 21, 1937.

Rehearing Denied Nov. 23, 1937.
Application for Leave to File Second
Petition for Rehearing Denied
Jan. 4, 1938.

R. H. Hudson, Franklin E. Kennamer, Jr., and R. B. F. Hummer, for plaintiffs in error.

O. A. Cargill and W. R. Graalman (Howard K. Berry and O. A. Cargill, Jr., of counsel), for defendant in error.

OSBORN, C. J. This action was instituted in the district court of Oklahoma county by D. J. Ward, hereinafter referred to as plaintiff, against the Phillips Petroleum Company and A. W. Riney, hereinafter referred to as defendants, for dam-

ages for personal injuries sustained in an automobile collision. The cause was tried to a jury, and a verdict was returned in favor of plaintiff for $18,000. The trial court ordered a remittitur of $4,000, which was duly filed. Judgment was rendered on the verdict for $14,000, and defendants have appealed.

The allegations of plaintiff's petition are that on October 21, 1933, he was a passenger in a truck, being driven by one Arthur Richardson, and was traveling north on Hudson street in Oklahoma City; that defendant Riney, while acting for himself and also as an agent and employee of the defendant Phillips Petroleum Company, was driving a Buick automobile owned by the Phillips Petroleum Company at a rate of speed prohibited by the ordinances of Oklahoma City, and was proceeding in an easterly direction on Fourth street, and as he approached the intersection of Hudson and Fourth streets he did not obey a stop sign at said intersection, but proceeded into said intersection at said excessive rate of speed and struck the rear portion of the truck in which plaintiff was riding, with such force that the truck was overturned and plaintiff was thrown out upon the pavement, thereby receiving certain injuries.

The defendants filed separate answers. The Phillips Petroleum Company filed a general denial and alleged that at the time of the injury, defendant Riney was not acting within the scope of his employment with said defendant, but was engaged upon a mission of his own, which mission was without the knowledge or consent of said defendant.

Defendant Riney denied generally the allegations of the petition; alleged contributory negligence on the part of the driver of the truck and that said negligence was imputable to plaintiff, since said driver and plaintiff were engaged upon a joint enterprise.

Defendants have filed separate petitions in error in this court.

On behalf of the Phillips Petroleum Company it is urged that the trial court erred in overruling its demurrer to plaintiff's evidence and in refusing to direct a verdict in its favor for the reason that the undisputed evidence shows that at the time of the injury to plaintiff, the employee, Riney, was engaged upon a mission personal to himself and was not engaged upon the prosecution of the employer's business.

The evidence on behalf of defendants is that Riney was employed by the Phillips Company as superintendent of construction; that his duties required that he travel from place to place and that he was furnished a car and gasoline by said company; that on the day prior to the injury to plaintiff he was engaged in supervising some construction in the Oklahoma City field; that about 8:00 a. m., on October 21, 1933, he went to a parking lot near the Black Hotel, procured his car, and drove to the home of Mrs. Ruth Jackson, who lived at 920 E. 12th street, in response to a call from her; that she wanted to talk with him regarding a trip to Detroit which she was contemplating. Both Riney and Mrs. Jackson testified that after a short conference, they got into the car and started back to town in order that Mrs. Jackson might go to her work; that she was employed in the Majestic Beauty Shop located in the Fidelity National Bank Building; that Mrs. Jackson was driving the car; that as they approached the intersection of Fourth and Hudson streets Mrs. Jackson did not see the stop sign or the truck on account of the glare of the sun in her eyes, and did not stop at the stop sign, but proceeded on into the intersection and struck the truck in which plaintiff was riding.

Plaintiff introduced as a witness one W. O. Walls, who testified that on a certain morning in October, he went to the warehouse of defendant company at the corner of Fourth and Douglas streets, in company with one Joe Jenkins; that defendant Riney was waiting at the warehouse to see Jenkins; that Jenkins introduced him to defendant Riney; that Riney and Jenkins engaged in a short conversation; that there was a lady in Riney's car; that Riney left and drove east on Fourth street. The witness testified, further, that he learned later that day that Riney had an automobile accident. The evidence of the witness Walls was contradicted by several of defendant's witnesses.

The question presented on a motion to direct a verdict is whether, admitting the truth of all the evidence in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn from it, there is enough evidence to reasonably sustain a verdict in favor of such party. Hagler v. Breeze. 169 Okla. 37, 35 P. (2d) 892; Chickasha Inv. Co. v. Phillips, 58 Okla. 760, 161 P. 223. The test applied

to a demurrer to the evidence is that all the facts which the evidence in the slightest degree tends to prove and all inferences or conclusions which may be reasonably and logically drawn from the evidence are admitted. Ward v. Coleman, 170 Okla. 201, 39 P. (2d) 113.

An employer is not liable for the tort of an employee committed outside the scope of his employment and while engaged upon a mission of his own. Drake v. Specht, 175 Okla. 414, 53 P. (2d) 235. Plaintiff concedes the correctness of the principle and insists that under the authorities and by virtue of certain inferences and presumptions deducible from the evidence the issue was properly submitted to the jury.

Defendant Phillips Petroleum Company relies upon the rule announced in Stumpf v. Montgomery, 101 Okla. 257, 226 P. 65, 32 A. L. R. 1490, wherein it was held that evidence of defendant's ownership of the car, coupled with proof that the driver was in his employment, raised the legal presumption that at the time of the accident the driver was acting for the owner and within the scope of his employment, but when the party against whom the presumption was invoked offered evidence to the contrary, the presumption disappeared and it was then necessary to determine the case in accordance with the facts and reasonable inferences to be drawn therefrom without regard to the legal presumption. To the same effect see the following cases: Jamar v. Brightwell, 162 Okla. 124, 19 P. (2d) 366; McCullough v. Harshman, 99 Okla. 262, 226 P. 555; Echols v. Hurt, 116 Okla. 43, 243 P. 493; Campbell v. Kirkpatrick, 120 Okla. 57, 249 P. 508; Carder v. Martin, 120 Okla. 179, 250 P. 906; St. John v. Ivers, 124 Okla. 215, 255 P. 706; Gallagher v. Holcomb, 172 Okla. 1, 44 P. (2d) 44. In the last-cited case the second syllabus is inaccurate. The true rule is expressed in Stumpf v. Montgomery and Jamar v. Brightwell, supra.

The case of Kruse v. White Brothers (Cal. App.) 253 P. 178, involves a state of facts quite similar to the facts involved herein. Therein it was said:

" 'One does not cease to be acting within the course of the master's employment because his most direct and immediate pursuit of the master's business is subject to necessary, usual or incidental personal acts, nor even by slight and immaterial delays or deflections from the most direct route for a personal or private purpose, the pursuit of the master's business continuing to be the controlling purpose. Such acts, not amounting to a turning aside completely from the master's business so as to be inconsistent with its pursuit, are often only what might be reasonably expected, to which, therefore, the master's assent may be fairly assumed; or they are in many instances the mingling with the pursuit of the master's business some purpose of the servant's own.' Shearman & Redfield Negligence (6th Ed.) para. 147a.

"Whether there has been a deviation so material or substantial as to constitute a complete departure is usually a question of fact. In some cases the deviation may be so marked, and in others so slight relatively, that the court can say that no conclusion other than that the act was or was not a departure could reasonably be supported; while in still others the deviation may be so uncertain in extent and degree in view of the facts and circumstances as to make the question of what inferences should be drawn from the evidence properly one for the jury. Healey v. Corkrill, 133 Ark 327, 202 S. W. 229, L. R. A. 1918D, 115; Ritchie v. Waller, 63 Conn. 155, 28 A. 29, 27 L. R. A. 161, 38 Am. St. Rep. 361; Gousse v. Lowe, supra; Dennis v. Miller Automobile Co. (Cal. App.) 238 P. 739.

"In the instant case the evidence was sufficient to show that Meyer was not required to follow certain or fixed routes while engaged in the performance of his duty, and to support the conclusion that acts not amounting to a complete turning aside from the employer's business so as to be inconsistent with its pursuits were anticipated by the employer; and that deviations from the strict line of his employment, so long as the pursuit of the employer's business remained the controlling purpose, were tacitly assented to by the latter."

See, also, Woody v. Utah Power & Light Co. (C. C. A.) 54 F. (2d) 220.

A solution of the problem before the court requires an analysis of the facts in the light of these authorities. It is to be noted that the agency of the defendant Riney was general and not special; that he was given no fixed route of travel; that the company exercised no apparent control over his movements. These features serve to distinguish this case from numerous cases relied upon by defendant Phillips Petroleum Company. The apparent authority of an agent is to be gathered from all the facts and circumstances in evidence and is a question of fact for the jury. Ginner & Miller Publishing Co. v. N. S. Sherman Mach. & Iron Works, 93 Okla. 221, 220 P. 650.

Defendant Phillips Petroleum Company takes the position that in view of the testimony of defendant Riney and Mrs. Jackson, the only reasonable inference which may

be drawn from the evidence is that at the time of the collision Riney was acting outside of the scope of his agency or employment. It was their testimony that Riney was taking her (Mrs. Jackson) to the Fidelity National Bank Building, where she worked. The jury was instructed that if defendant Riney was "acting for and on behalf of himself as an individual and was also acting for and on behalf of the Phillips Petroleum Company as its agent, servant, and employee and within the scope of his employment as the superintendent of construction," the verdict should be in favor of plaintiff and against both defendants. Plaintiff offered certain evidence to the effect that shortly before the collision occurred defendant Riney was seen at the warehouse of defendant company at the corner of 4th and Douglas streets; that there was a lady with him; that he left the warehouse and started driving east (toward Hudson street, where the collision occurred). In the light of the evidence and instructions, although the jury may have given full faith and credit to the testimony of Riney and Mrs. Jackson, to the effect that defendant Riney was taking her to work at the time of the collision, it was not precluded from finding that at the same time defendant Riney was engaged in his employer's business and was acting within the scope of his authority. Such finding is sustained by the evidence and inferences reasonably deducible therefrom.

The defendant corporation urges that the trial court erred in admitting as evidence certain purported statements made by defendant Riney at the scene of the collision, and immediately thereafter, which statements were admitted as a part of the res gestae.

"While it is the general rule that declarations of an agent made to a third person in the absence of the alleged principal are inadmissible in evidence for the purpose of establishing agency, notwithstanding the rule, it has many well-established exceptions and one of the well-recognized exceptions to the rule is that, when the agency is otherwise established by competent testimony, such declarations become admissible in corroboration and as part of the res gestae where made at the time of the transaction in question." Stover v. Mackie, 170 Okla. 574, 575, 41 P. (2d) 474; Citizens Bank of Gans v. Mabray, 90 Okla. 63, 215 P. 1067.

It thus appears that there is no merit in this contention.

During the course of the trial plaintiff offered in evidence certain ordinances of the city of Oklahoma City, relating to the speed limit on boulevards, and requiring that vehicles be brought to a full stop at any intersection where stop signs are erected. Objection was made on the ground that no showing was made that the ordinances had been published and were in full force and effect at the time. Objection was overruled by the court for the reason that the court was familiar with the ordinances in question. If we correctly understand the court's ruling, he, in effect, certified that he had knowledge that the ordinances had been published and were in full force and effect at that time. It does not appear that substantial detriment to defendants resulted from the ruling of the court.

Complaint is made of certain instructions to the jury. An examination of the instructions discloses that the jury was instructed on the issues of negligence, contributory negligence, proximate cause and agency. The instructions, in some instances, might have been more specific, but no request for other or additional instructions was made. In the absence of such request, the failure of the court to give more specific instructions is not reversible error. Oklahoma Railway Co. v. Boyd, 167 Okla. 151, 28 P. (2d) 537.

Further complaint is made that under the instructions future pain and suffering was defined as one of the elements of damage, and that there is no evidence to the effect that plaintiff would suffer pain in the future.

Dr. C. C. Shaw, called as a witness for plaintiff, testified as follows:

"Q. From your first physical examination of him, and your examination since then, state to the court and jury whether or not his injuries, if you found them to be painful or otherwise? A. I judge they are painful, at least, the indications are they are painful and more or less progressive in character, getting worse."

In the light of this evidence, the court did not err in submitting the element of future pain and suffering as an element of damage.

Various other assignments of error have been examined and are without substantial merit.

The judgment is affirmed.

BAYLESS, V. C. J., and RILEY, WELCH, CORN, and HURST, JJ., concur. GIBSON, J., dissents. PHELPS, J., absent. DAVISON, J., not participating.