SMALL v. SHULL.

No. 30147. March 24, 1942.

Rehearing Denied April 14, 1942.

*124 P. 2d 381.*

Rittenhouse, Webster, Hanson & Rittenhouse, of Oklahoma City, for plaintiff in error.

O. A. Cargill, Howard K. Berry, and O. A. Cargill, Jr., all of Oklahoma City, and Rinehart & Welden, of El Reno, for defendant in error.

CORN, V. C. J. Plaintiff in the trial court, defendant in error in this appeal, recovered judgment in the district court of Canadian county on two counts of an action for damages for personal injuries and doctor and hospital expenses. The damage complained of resulted from an automobile collision between cars being either owned, operated, or occupied by some of the parties here. The plaintiff in error, whom we hereinafter refer to as the defendant, was the owner of one of these vehicles. At the time concerned she was at her home, and her car was being driven by her grandson. The right and authority of this grandson to be in possession of said car was controverted at the trial and continues to be the subject of controversy on appeal. The issues are not unusual for a contested agency case.

By apparent agreement, the question of whether defendant's grandson was acting as her agent, so as to bind her and permit a valid judgment to stand against her by reason of his act, is all that is submitted for decision or review. It appears from the record that Lillie Small, the defendant, lived on a farm in Canadian county, near the town of Geary. She was a widow, past middle age, and lived with no one except an adult grandson, Frank Woodward, Jr. Woodward worked for her without compensation, performing services which included driving defendant's cars and trucks. The defendant owned a practically new sedan automobile. On the date complained of Frank Woodward left defendant's home in defendant's car, drove west approximately two miles to the town of Geary, where he had the tank filled with gasoline, and then drove north and east from Geary on a state highway, some six or eight miles, to the place where the accident occurred. Between the defendant's home and the point of the collision Woodward had picked up the plaintiff, Howard Shull, either upon invitation or request. Under the facts involved the nature of this association is of no consequence in arriving at a proper disposition of this appeal.

Subsequent to plaintiff's becoming a passenger in defendant's car there was a violent collision between said car and a car being driven by a third person. The third person was not made a party to the original action. Woodward's negligence, or lack of it, is not made an issue here, so there is no necessity for considering the circumstances about the actual collision. Plaintiff sued Lillie Small, the owner, and Frank Woodward, Jr., the driver, in one action, and obtained judgments against each of them. The petition alleged "that at the time and place complained of the defendant Frank Woodward, Jr., was acting for and on behalf of his codefendant, Mrs. Lillie Small, as her agent, servant and employee, at her direction and command

and with her full knowledge and consent so as to render the said Mrs. Lillie Small, his principal, liable for his various negligent acts and omissions." The defendant Lillie Small, with a verified answer, "specifically denies that at the time and place complained of in plaintiff's petition the defendant Frank Woodward, Jr., was an agent, servant or employee of this answering defendant."

There was a sharp conflict in the evidence. The defendant Small contended she forbade Woodward's use of her car on the morning of the casualty and, after she had hidden the keys from him, he stole them and ran away with the car; that she had no knowledge of his departure. She was corroborated in this by the testimony of Woodward, the grandson. The proof showed that there were two routes from Geary, or from the Small home, to Oklahoma City, where plaintiff contended Mrs. Small had sent her car and grandson on a business errand. One was the paved highway direct through Calumet and El Reno. The other was by the gravel road north from Geary, across a bridge over the Canadian river, and back on a state road to the pavement at Calumet. Woodward, Jr., testified that he intended to go by the home of a boy friend, in the vicinity of the accident, to see if the friend would accompany him to Oklahoma City to see some girls, and that after he left his home he intended to strike the main highway at Calumet and drive into Oklahoma City.

Plaintiff's proof on the master-servant relationship, controverting defendant's verified answer, was in the nature of proof of admissions against interest. The injured plaintiff, the injured Frank Woodward, Jr., and others injured in the accident were moved immediately to the infirmary of the C.C.C. camp near Geary. The defendant Small came there shortly afterward. By the testimony of numerous witnesses plaintiff suggested that Lillie Small, in an oral controversy over a purse and its contents, taken from the clothing of the injured Woodward, declared that the money was hers and that she had given it to Woodward be-

fore she sent him to Oklahoma City that morning.

The defendant Lillie Small urges that under this proof no issue, as to her, should have been submitted to the jury. We can see, thereby, that the entire question of the propriety of the judgment can be determined by the answer to this question: Did the trial court err in overruling Lillie Small's motion for a directed verdict? If the motion should have been sustained, the verdict and judgment must be reversed. If it was a fact question, properly submitted to the jury, this court must follow the time-honored practice of refusing to disturb it.

When the question of a servant's relationship to his master, at the particular time his negligent conduct causes injury to a third person, is presented on a motion for a directed verdict, and the evidence thereon is conflicting to the extent that conflicting inferences may be drawn from it, or that a sustainable conclusion could be announced by a verdict adverse to the party presenting the motion, said motion should be overruled and the issue should be submitted to the jury. Phillips Pet. Co. v. Ward, 181 Okla. 462, 74 P. 2d 614.

Where there is a competent conflict, the nature or scope of the servant's authority at a particularly controverted time becomes as much a fact question as do the accusations and denials of negligence itself, and the question must be submitted to the jury. Phillips Pet. Co. v. Ward, supra.

Plaintiff had competent proof of admissions of agency, made by the defendant immediately after the accident happened. There was conflict in the versions delivered by witnesses describing the event, but the highway patrolman, C.C.C. employees, and others all seemed to agree and testified that defendant claimed the money on Woodward's person, with a general declaration that she had sent him to Oklahoma City to transact some business for her. Proof of this kind is usually unsatisfactory, but its probative value in such a controversy

cannot be ignored. In Hagler v. Breeze, 169 Okla. 37, 35 P. 2d 892, this court held that in a very similar situation "testimony that defendant admitted that the driver of defendant's car was engaged upon errand for defendant at time of accident *held* sufficient to take the question of the driver's agency to the jury."

The defendant would not have been entitled to a directed verdict on her rebuttal of plaintiff's proof of agency unless said rebuttal evidence was uncontradicted in all material respects, free from inherent probabilities and sufficiently clear and convincing that but one conclusion, favorable to her, could be drawn from the evidence. Phillips Pet. Co. v. Ward, supra; White v. Roach, 165 Okla. 143, 25 P. 2d 333; Fleming v. Drew, 88 Okla. 160, 212 P. 306. We cannot reach such conclusion after a review of the evidence in this case, and we can easily understand how the trial court would feel required to submit the issues to the jury. The testimony of Lillie Small, and the testimony of Frank Woodward, Jr., considered in the relation of one to the other, was neither uncontradicted nor free from inherent improbabilities.

Defendant urges, as an alternate view, that even if there was or had been a master and servant relationship between this owner and grandson, the uncontroverted proof showed a complete departure from the mission which plaintiff attempted to prove, and that the issues should have been withdrawn from the jury's consideration by reason thereof. The deviation rule, clearly stated in Carder v. Martin, 120 Okla. 179, 250 P. 906, and in Heard v. McDonald, 172 Okla. 180, 43 P. 2d 1026, cannot be invoked here. These facts come plainly within the rule expressed in Phillips Pet. Co. v. Ward, supra, and in the earlier case of Lee v. Pierce, 112 Okla. 212, 239 P. 989. It has been held in these cases that the fact that the servant, in driving an automobile, deviates from the route he was directed by the master to take, does not relieve the master from liability for the negligence of the servant in operating the automobile during such deviation, unless the servant, in making such deviation, abandoned the master's business.

The defendant Woodward, called as a witness, testified that he could reach Oklahoma City by proceeding along the route he was following at the time the collision occurred, and that he intended to so proceed after stopping to see if his friend would go along with him. If the jury was inclined to believe plaintiff's witnesses with reference to what they heard Mrs. Small say, and believed that she had recently sent him out on a mission for her, they were entitled to find from all the facts and circumstances, if they wished, that her mission was still the controlling purpose when Woodward selected his route, and that his act of picking up a friend was but incidental to her original and controlling purpose and direction. The proof indicated that Woodward did not proceed directly toward Oklahoma City when he left defendant's home. Instead, he went directly away from that place, but when he reached Geary he had defendant's car filled with fuel and had the charge for it placed on defendant's account. Defendant later paid the bill. Proof of this kind gives rise to circumstances which, along with direct testimony, compels submission of the related issue to the jury.

In Phillips Pet. Co. v. Ward, supra, this court adopted a portion of a relevant California case, which said:

"One does not cease to be acting within the course of the master's employment because his most direct and immediate pursuit of the master's business is subject to necessary, usual or incidental personal acts, nor even by slight and immaterial delays or deflections from the most direct route for a personal or private purpose, the pursuit of the master's business continuing to be the controlling purpose. Such acts, not amounting to a turning aside completely from the master's business so as to be inconsistent with its pursuit, are often only what might be reasonably expected, to which, therefore, the master's assent may be fairly assumed; or they are in many instances the mingling with the pursuit of the master's business some purpose of the servant's own."

It is noted that the trial court submitted this controverted question of departure to the jury with adequate instructions. This meets with the approval of this court, as expressed in Phillips Pet. Co. v. Ward, supra, and the verdict, as a settled question of fact, cannot be disturbed.

Defendant's contention that there was no master and servant relationship between her and her grandson, where the specific right or authority to carry passengers, such as plaintiff, was concerned, cannot be considered or decided. It is apparent from the record that such an issue was not presented before the trial was concluded. The rule, well settled, establishes that parties will not be permitted to try issues on appeal which are new and which were not introduced at the trial. Kennedy v. Beets Oil Co., 105 Okla. 1, 231 P. 508; Secrest v. Williams, 185 Okla. 449, 94 P. 2d 252.

Defendant's theory of defense is clearly stated in her demurrer to plaintiff's evidence and in her motion for a directed verdict. The fact that she made request for numerous instructions, but failed to request an instruction on this phase of the case, clearly shows that it cannot be entertained on review. We are required to hold that this issue, as a new theory on appeal, cannot be considered now, or that the outcome of the trial cannot be altered by any views that might be expressed thereon.

Finding no error sufficient to cause or warrant reversal, the judgment of the trial court is affirmed. Upon the prayer of the defendant in error, judgment is entered herewith against the Hartford Accident & Indemnity Company, surety for appellant, on its supersedeas bond.

WELCH, C. J., and OSBORN, HURST, and ARNOLD, JJ., concur. DAVISON, J., concurs in conclusion. BAYLESS and GIBSON, JJ., dissent. RILEY, J., absent.