BRAYTON et al. v. CARTER.

No. 31892.   Nov. 13, 1945.

*163 P. 2d 960.*

Hudson & Hudson, of Tulsa, for plaintiffs in error.

Rollie C. Clark, of Vinita, for defendant in error.

PER CURIAM. This action in damages was commenced by C. L. Carter, hereinafter called plaintiff, to recover against L. O. Brayton, C. B. Ford, Ralph M. Ford, W. E. Moore, and Verne Forcum, partners, doing business as L. O. Brayton & Company, as defendants. Plaintiff alleged that while traveling north on Highway No. 69 south of Wagoner, Okla., the automobile which he was driving was hit by a pickup truck driven by Melvin Tyler, an employee of the defendants. The cause was tried to a jury and a verdict for $5,000 damages rendered. Judgment was entered thereon, and defendants appeal.

The amount of damages, or the issue as to negligence of Melvin Tyler, is not presented. The defendants raise the single issue, presented in three paragraphs of a single specification of error, to wit, that the court erred in overruling defendant's demurrer to the evidence and the defendants' motion for directed verdict and urge that as a matter of law the evidence dis-closes that the said Melvin Tyler, although the admitted employee of the defendants, had deviated from his course or way, and therefore the defendants were not responsible in damages for an injury to the plaintiff.

Defendants were constructing a power line from a point in Oklahoma to a point in Arkansas. Melvin Tyler was one of the defendants' employees. In the process of construction it was necessary to build the line across a girl scout camp near Locust Grove, Okla. In the performance of his duties Melvin Tyler left Tahlequah, Okla., headquarters of the defendants, on the morning of June 9, 1942, driving a pickup truck owned by him and operated by him in his employment with the defendants. He went to the camp to make the necessary repairs of fences damaged in the course of construction. He was returning through Wagoner, Okla., by way of Fort Gibson, Okla., to Tahlequah, where he was to report before quitting work, when his truck collided with the automobile driven by the plaintiff. The accident occurred at about 3:30 p. m. of the same day near Fort Gibson, Okla.

There are three ways to return to Tahlequah from the girl scout camp. One road measures a distance of approximately 28 miles; the second runs through Wagoner and by Highway No. 51; the third is the route chosen by Melvin Tyler in the case at bar. This latter route is stated to be approximately 75 miles. This distance is not disputed by the plaintiff. Defendants argue that to travel a distance of approximately 75 miles to reach Tahlequah when it could be reached by traveling 28 miles is obviously and as a matter of law such a deviation from the way that it was error for the trial court to submit the question to the jury over its demurrer to the evidence and motion for directed verdict. Plaintiff argues that this depends upon the facts and circumstances of the route chosen. In other words, it is the contention of plaintiff that from the evi-

dence submitted this matter was properly left to the jury.

In general it may be said that an act is within the course of employment if (1) it be something fairly and naturally incident to the business, and if (2) it be done while the servant was employed upon the master's business, and be done, although mistakenly or ill-advisedly, with a view to further the master's business, or from some impulse of emotion which naturally grew out of or was incident to the attempt to perform the master's business, and did not arise wholly from some external, independent, and personal motive on the part of the servant to do the act upon his own account. Retail Merchants Ass'n v. Peterman, 186 Okla. 560, 99 P. 2d 130; Phillips Petroleum Co. v. Ward, 181 Okla. 462, 74 P. 2d 614; Claxton v. Page, 190 Okla. 422, 124 P. 2d 977; Ada-Konowa Bridge Co. v. Cargo, 163 Okla. 122, 21 P. 2d 1; and Mecham on Agency, 1960.

Whether there has been a deviation so material or substantial as to constitute a complete departure is usually a question of fact. In some cases the deviation may be so marked, and in others so slight relatively, that the court can say that no conclusion other than that the act was or was not a departure could reasonably be supported; while in still others the deviation may be so uncertain in extent and degree in view of the facts and circumstances as to make the question of what inferences should be drawn from the evidence properly one for the jury. Phillips Petroleum Co. v. Ward, supra.

The testimony is in substantial agreement that the way used by Melvin Tyler was a better way. There is substantial evidence that it was used both by the defendants in this case and their servants. The testimony of Melvin Tyler is that it was raining and that he chose this road because the other road was wet and slippery; that he believed he could make better time and not get stuck. Defendants argue that he should

have taken Highway No. 51 from Wagoner. Tyler explained this, we must assume to the satisfaction of the jury, by stating that the road through Fort Gibson was better and he could travel it more safely. This explanation we feel must be accepted in the absence of some evidence contradictory thereof. No such evidence is pointed out by the defendants and we find none.

Defendants rely upon the ruling and conclusion in Retail Merchants Ass'n v. Peterman, supra; De Camp v. Comerford, 134 Okla. 145, 272 P. 475; Drake v. Specht, 175 Okla. 414, 52 P. 2d 235, and many other related cases. In Retail Merchants Ass'n v. Peterman, supra, it is stated:

"The only competent testimony before the court as to the question of Sutton's agency at the time of the accident was the testimony of the witness, Sutton, and according to his testimony, the only purpose he had in mind for deviating from Peoria street and traveling one mile east was to go after his son. We fail to see where it would be to the advantage of his employer for him to go to 2413 East 4th St. after his son. This was a mission all of his own; he had agreed with his son to drive by for him on his way home; he testified he was on his way home. For us to hold that this was something fairly and naturally incident to the business, or that it was done to further the master's interest, would be exhausting the elasticity of the rule of respondeat superior beyond the bounds of justice."

In the case at bar the evidence is remarkably free from any suggestion that the agent Melvin Tyler had any personal purpose to serve in choosing the way. We think this easily distinguishes the case at bar from practically all of the cases cited by the defendants. A case somewhat in point on the fact situation is Lee v. Pierce, 112 Okla. 212, 239 P. 989, where a chauffeur deviated from the route directed and the master was held liable, and it was stated that there was no evidence that the servant was not at all times engaged in the work of the master.

From all of the evidence submitted

in the case, we are of the opinion, and hold, that whether or not there was a deviation from the way of the master's business was a question of fact properly submitted to the jury.

The judgment is affirmed.