**Betty ERWIN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 68–320.**

United States District Court
W. D. Oklahoma.

Aug. 25, 1969.

Howard K. Berry, James W. Bill Berry and Howard K. Berry, Jr., Oklahoma City, Okl., for plaintiff.

William R. Burkett, U. S. Dist. Atty., John W. Raley, Jr., Asst. U. S. Dist. Atty., James W. Shepherd, David W. Edmonds and George W. Dahnke, Foliart, Shepherd, Mills & Niemeyer, Oklahoma City, Okl., for defendant.

OPINION

BOHANON, District Judge.

This action is brought under the provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, and involves an automobile accident which occurred on June 22, 1967, in Beckham County, near the city of Sayre, Oklahoma, in which three people were killed and one seriously injured.

The plaintiff, Betty Erwin, was a passenger in an automobile being driven by her husband, Louis Odell Erwin, deceased, traveling west on State Highway 152 in Beckham County, Oklahoma, near Sayre, Oklahoma; Margaret Ann Stack, deceased, a VISTA volunteer in the government's anti-poverty program, the driver of the other vehicle involved in the accident, was traveling north on State Highway 34 where it intersects with State Highway 152, and it was in the intersection of these two highways where the accident occurred resulting in the deaths referred to and the serious injury mentioned. Diane Short, deceased, another VISTA worker, was a passenger in the government vehicle.

Plaintiff alleges and relies upon the alleged agency of Margaret Ann Stack, acting in her capacity as a servant of the defendant and her negligence in the operation of the automobile, which belonged to the United States Government, as the proximate cause of the collision and resulting injuries.

The defendant by Answer denies that Margaret Ann Stack was driving on a business mission on behalf of the United States or in the furtherance of a benefit to the United States or that she was acting within the scope of her employment at the time of the accident; defendant further denies that driver, Margaret Ann Stack, was negligent or in anywise caused or brought about the accident involved, but alleges that the driver of the Erwin automobile was negligent, which was the cause of the accident.

It is admitted that the automobile driven by Margaret Ann Stack was owned by the United States, and that Margaret Ann Stack was an employee of VISTA and as such was an employee of the defendant for the purposes of the Federal Tort Claims Act. The questions presented in this case are: (1) Was Margaret Ann Stack at the time of the accident in question acting in the scope of her service and employment for the United States Government? and (2) If so, was she negligent in the operation of the vehicle in question, and was such negligence the proximate cause of the resulting accident and damages?

The Court finds the facts as hereinafter set forth in this Opinion. Margaret Ann Stack was a VISTA volunteer, and as such, she was furnished and assigned a Ford station wagon by the defendant, United States of America, Excess Property Department of General Services Administration, for her use in the furtherance of the Government's anti-poverty program; she was also charged with the duty and responsibility of protecting the station wagon and caring for it, within reasonable limits; she and her co-worker had exclusive use of the vehicle; she was assigned to work in the Jackson-Greer-Harmon County area of Oklahoma and was subject to call 24 hours a day 7 days a week and was given broad latitude, or discretion, in the operation of the automobile and in its use in the Government's service and also the caring for it; the station wagon automobile involved was assigned to Southwest Community Action Committee, Altus, Oklahoma, by General Services Administration for use in the three counties above mentioned to aid migrant workers and their families and other poverty-stricken persons in the area, as a part of the Government anti-poverty program, and the station wagon was assigned to Margaret Ann Stack as a VISTA volunteer for use in the furtherance of this work. The evidence shows that the assignment of the vehicle was for use in the counties above mentioned, and the General Services Administration restricted its use to said three-county area.

Margaret Ann Stack had earned and was entitled to a seven-day vacation, beginning on June 22, 1967, the date of the fatal accident, and she was proceeding to Oklahoma City to catch an airplane to further her vacation. She was confronted with a problem of what to do with the vehicle which was entrusted to her while she was away on her vacation, and she concluded that she should take the automobile to Oklahoma City and store it, and the evidence is clear and convincing that this is what she intended to do; the evidence further shows that it would not have been safe to leave the automobile at the residence of Margaret Ann Stack in Mangum, Oklahoma, because she lived in an area which was subject to vandalism and thievery, and it would not be consistent with good care of government property to leave the station wagon at her residence, but on the other hand, out of apparent concern for the safety and proper care of the automobile, she was driving it to Oklahoma City for storage, and did so in good faith so far as this record shows.

The Court finds that the two VISTA girls who were leaving on their vacation, Margaret Ann Stack and Diane Short, went to the office of Southwest Community Action Committee and requested Mr. Haven, the County Manager at Mangum to call Mr. Mason, Executive Secretary of the Oklahoma County VISTA program at Oklahoma City, which Mr. Haven did, and this long distance call was made for the purpose of securing Mr. Mason's assistance in finding a place to store the automobile while the girls were on their vacation. Mr. Mason told them to bring the automobile to Oklahoma City, and he would assist them in making arrangements for its storage.

Margaret Ann Stack and a VISTA co-worker, Diane Short, also on her vacation, were both instantly killed in the accident and were not present to testify in the case; the record is void of any instructions given to Margaret Ann Stack as to what should be done with the automobile while she was on vacation; knowing that she was going on vacation, her superiors gave her no instructions as to the storage and care of the automobile, and hence she brought the same or attempted to bring the same to Oklahoma City for safe storage to protect the defendant's property, which was her duty.

The evidence shows, and the Court finds that the bringing of the station wagon to Oklahoma City had a two-fold purpose, and one purpose was in the furtherance of the employee's sincere desire to preserve government property, and the other purpose was the trip to Oklahoma City to further her vacation.

The Court finds that the accident occurred about 10:00 a.m. on June 22, 1967, during ordinary work and business hours, on the primary route between Mangum, Oklahoma, and Oklahoma City, while being operated for the dual purpose above stated.

The evidence further shows that at the headquarters at Mangum, Oklahoma, there was no garage, motor pool or similar facility available for the storing of the station wagon, and no directive was made or given Margaret Ann Stack to deliver it to any particular place when it was not in actual use.

Under the facts above found, the Court is of the opinion that Margaret Ann Stack, at the time of the accident, was acting in the scope of her employment and in furtherance of a benefit to the defendant to preserve and protect its property. This conclusion is supported by the case of Stumpf v. Montgomery, 101 Okl. 257, 226 P. 65, 32 A.L.R. 1490, which provides and states as follows:

"Evidence of defendant's ownership of the car, coupled with proof that the driver was in his employment, raises the legal presumption that, at the time of the accident, the driver was acting for the owner and within the scope of his employment, and the burden of proof is then placed upon the defendant to prove that, at the time of the

accident, the driver was not acting for him, but was using the machine for his own purposes or outside the scope of the employment."

See also DeCamp v. Comerford, 134 Okl. 145, 272 P. 475.

It is true that as between the defendant and Margaret Ann Stack's superiors at Mangum, Oklahoma, the use of the station wagon was restricted to the three-county area mentioned, and it is likewise true that Margaret Ann Stack had the duty and obligation of caring for the automobile, the government's property. It is not every violation of a company rule (government rule here) by an employee, standing alone, that will prevent the application of the doctrine of respondeat superior in all situations. In 35 Am.Jur., Sec. 559, it is said in part, as follows:

"Also, as a general rule, an employer is liable for acts of his employee within the scope of the latter's employment notwithstanding such acts are done in violation of rules, orders, or instructions of the employer."

In light of the above stated rule, the Court must give consideration to the matter of "scope of employment" of Margaret Ann Stack in driving the station wagon at the time and place in question. Margaret Ann Stack had two purposes in mind; one to come to Oklahoma City to further her vacation and secondly to care for her employer's property as it was her duty to do, considering the circumstances and manner in which the automobile was furnished to her and entrusted to her care.

In considering this problem, the following from 35 Am.Jur. Sec. 553 is pertinent, and provides:

"Meaning of 'Scope of Employment.'—Acts impliedly authorized or such as are within the 'scope of employment'—that is, wrongs for which the employer may be held accountable—are said not to be susceptible of precise or even very helpful definition by any phrase or short form of ex-

pression. In practically every case, the authority from the master is to be gathered from and determined by the surrounding facts and circumstances —the character of the employment and the nature of the wrongful act. Among the many factors to be taken into consideration may be mentioned the employer's ownership of the instrumentality by means of which the employee inflicted the injury and the fact that it was furnished to the employee by the employer, although the mere intrusting of an instrumentality to the employee by means of which he commits a tort is not of itself, unless the instrumentality is one classed as a dangerous instrumentality, sufficient to establish vicarious liability."

"Other factors to be considered are the time at which the wrongful act was done—whether at a time when the employee was not obligated to perform any duty for the employer, in which case the latter is not ordinarily to be held responsible—the place at which the wrongful act was done, the purpose of the act, the personal motive of the employee, whether the act is one commonly or usually done by employees engaged in similar capacities, or whether the employer had reason to expect that an act of the character complained of would be committed by the employee.

"A servant is acting within the scope of his employment when he is engaged in doing for his master what he has been directed to do, or, as it has been said, 'any act which can fairly and reasonably be deemed to be an ordinary and natural incident or attribute of that act, or a natural, direct, and logical result of it' is within the meaning of the phrase 'scope of employment.' The test is the nature of the tortious act and its relation or nonrelation to that which the actor was employed to do. If the employee, being engaged about the business of the employer, adopts methods which he deems necessary, expedient, or convenient, and the

methods adopted prove hurtful to others, the employer may be held liable. The purpose of the employee's act, rather than the method of performance thereof, is said to be the important consideration."

The facts and circumstances in this case which support "employment with and scope of employment" are: Margaret Ann Stack was employed by the defendant. Margaret Ann Stack was furnished an automobile for her exclusive use in the performance of her duties, which vehicle was owned by the defendant. Her immediate employer at Mangum, Oklahoma, knew she was leaving to begin her vacation and knew she had possession of the vehicle in question; her employer at Mangum, Oklahoma, did not instruct her or tell her what to do with the vehicle while she was on her vacation; it would have been dangerous for Margaret Ann Stack to leave the vehicle unattended at her residence in a poor neighborhood where vandalism was prevalent; it was her duty and obligation to care for the vehicle in question and not subject it to undue risk, and one of the purposes of bringing the automobile to Oklahoma City was to properly protect it and the other was to begin her vacation.

It was while on this dual mission that the fatal accident occurred. Where the servant is acting for the master and also for his own pleasure, the master is liable for the servant's negligent acts. Weakley v. Southwestern Bell Telephone Co., 240 F.Supp. 598 (Okla.); United States v. Kennedy, 230 F.2d 674 (9 C.A.); Cooner v. United States, 276 F.2d 220 (4 C.A.); Courtright v. Pittman, 264 F.Supp. 114 (Colo.)

With respect to deviation or departure from her master's business, it is stated in 35 Am.Jur., Sec. 555 as follows:

"Deviation or Departure from Master's Business for Own Pleasure or Business.—One of the most difficult problems in determining the liability of an employer for the acts of his employee arises where the employee at the time of the injurious occurrence had deviated from the usual course which his duties required him to take for some purpose of his own. While the mere fact that the employee was at the time of the injury combining his own business or pleasure with the business of the master does not necessarily relieve the master from liability, it is clear that an employer's liability is not to be determined by the fact that the wrongful act of his employee was committed during the employee's working hours or before the task to which he had been especially assigned was finished. The test of the liability of the employer is whether at the very time of the injurious occurrence, the employee was performing some act in furtherance of his master's business as well as an act in his own interest." (See cases cited above)

Where there is a deviation from the authority granted an employee and the deviation is slight, the Court may and often will, as a matter of law, determine that the servant was executing his master's business; where the deviation is extreme and there is a complete departure from the master's business, it is generally held that there is no liability. But, cases falling between these extremes will be regarded as involving merely a question of fact, to be left to the jury or other trier of such questions. 35 Am.Jur., Sec. 556.

Where a servant deviates from his master's instructions for his own purpose, yet with the intention of also pursuing his master's business, the master will generally be held responsible. Lee v. Pierce, 112 Okl. 212, 239 P. 989; Brayton v. Carter, 196 Okl. 125, 163 P. 2d 960. The personal motive of Margaret Ann Stack standing alone does not prevent her from being within the scope of her employment for the defendant. S & W Construction Company v. Bugge, 194 Miss. 822, 13 So.2d 645, 146 A.L.R. 1190, and cases cited, supra.

From a consideration of all of the facts, the Court finds that Margaret Ann Stack at the time and place of the accident involved in this case must be deemed to have been acting within the scope of her employment and for her employer's benefit, and the defendant is, therefore, responsible for the consequences of her acts under the doctrine of respondeat superior.

Not heretofore noted in this Opinion, the defendant interposed another defense by its Third Amended Answer, asserting that the plaintiff in this case is estopped to litigate this action, and specifically any issue of fact with respect to the alleged negligence of Margaret Ann Stack because said matter had theretofore been litigated in an action between Betty Erwin, as plaintiff, against F. H. King, Administrator of the Estate of Margaret Ann Stack, deceased, Cause No. 183547, in the District Court of Oklahoma County, Oklahoma, which case was concluded by a judgment on a jury verdict in favor of the defendant, wherein the negligence of Margaret Ann Stack, deceased, was decided adversely to the plaintiff. It is the position of the defendant that the District Court Judgment, which is now on appeal to the Supreme Court of Oklahoma, constitutes a bar to this action. This Court cannot agree. Under 28 U.S.C., Sec. 1346(b), it is said:

"* * * the district courts, * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages * * * for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

Since this Court has held that Margaret Ann Stack was acting within the scope of her employment for the United States, it follows that plaintiff's exclusive remedy lies in the United States Courts and not the State Courts. Frazier v. Nabors, and United States of America, 273 F.Supp. 148 (E.D.Tenn., 1967). Inasmuch as the plaintiff alleged, and the Court has found that Margaret Ann Stack was an employee of the United States and acting within the scope of her employment and for the benefit of the United States, exclusive jurisdiction of this action lies in the United States Courts, and no judgment of the State Court will operate as a bar or as an estoppel, even though the plaintiff in the State Court action may have misconceived or misjudged the jurisdiction of the State Court.

Turning now to the accident itself and the responsibility therefor, the Erwin automobile was traveling on a through highway in clear weather during the daytime with no visibility obstructions. Likewise, Margaret Ann Stack was driving on a less favored highway and at right angles to the approaching Erwin automobile. The Erwin automobile was traveling west, and the Stack automobile was traveling north. There were early warning signs approaching, and a stop sign at the intersection commanding the Stack automobile to stop before entering the highway upon which the Erwin automobile was traveling. The Court finds that Margaret Ann Stack failed to stop at the stop sign, or if she did stop, she drove onto the favored highway when she could see, or should have seen, that she could not do so with safety and that to attempt to cross the highway in front of the Erwin automobile, which was an immediate hazard and by so doing would in all probability result in a collision. The Court finds from all the facts and circumstances in evidence that the accident and resulting injuries to all of the parties was caused directly and proximately by gross negligence on the part of Margaret Ann Stack, defendant's employee, and for which the defendant is liable. The

Court further finds that the driver and occupant of the Erwin automobile were not negligent.

The Court finds that the deceased, Louis Odell Erwin, was at the time of his death 35 years of age and had a normal life expectancy of approximately 36.-69 years; that the said deceased was gainfully employed, earning approximately $14,000.00 per year; that he contributed his earnings for his own support, and for the support, maintenance, education and comfort of his wife, Betty Erwin, and his two minor children, Kevin Erwin, age 5 and Stanley Erwin, age 7.

The Court further finds that the plaintiff, Betty Erwin, suffered extensive and serious injuries in the accident involved in this case, which required surgical procedures, medical and hospital expenses and that she suffered great physical pain and mental anguish.

The Court finds that the plaintiff for herself and for her said minor children, Kevin Erwin and Stanley Erwin, has been damaged and is entitled to recover from the defendant the aggregate sum of $125,315.00 which the Court finds should be apportioned as follows, to-wit: (a) to Betty Erwin for her personal injuries, medical expenses, hospital expenses, pain and suffering, and for property damage, the sum of $35,315.00; (b) to Betty Erwin for her loss of support and maintenance because of her husband's wrongful death, the sum of $30,000.00; (c) to Betty Erwin for the use and benefit of Kevin Erwin for his support, maintenance and education, the sum of $30,000.00; and (d) to Betty Erwin for the use and benefit of Stanley Erwin, for his support, maintenance and education, the sum of $30,000.00.

The Court concludes that this Court has original and exclusive jurisdiction over the parties to this action and the subject matter thereof; that the Estate of Margaret Ann Stack is immune from any liability. 28 U.S.C.A. § 2679.

Judgment will be entered accordingly.