Betty ERWIN, Appellee and Cross-
Appellant,

v.

UNITED STATES of America,
Appellant and Cross-
Appellee.

Nos. 140–70, 141–70.

United States Court of Appeals,
Tenth Circuit.

July 12, 1971.

Rehearing Denied Aug. 18, 1971.

Pickett, Circuit Judge, concurred and filed opinion.

James W. Shepherd, Oklahoma City, Okl. (William R. Burkett, U. S. Atty., Oklahoma City, Okl., with him on the brief), for appellant and cross-appellee.

Howard K. Berry, Oklahoma City, Okl. (Howard K. Berry, Jr., and James W. Bill Berry, Oklahoma City, Okl., with him on the brief), for appellee and cross-appellant.

Before PICKETT, BREITENSTEIN and SETH, Circuit Judges.

SETH, Circuit Judge.

This is an appeal by the government from a judgment against it in a tort claims action with a cross-appeal by the plaintiff. The suit arose from an automobile collision involving a government car driven by a government employee. The driver of the government car, and her passenger, a co-worker, were both killed as was the husband of the plaintiff, an occupant of the other car in the collision.

The driver of the government car and her co-worker were employed by the government as VISTA workers under the direction of an OEO recognized corporation engaged in providing assistance to migrant workers in a three-county area in southeastern Oklahoma. The girls had the twenty-four hour use of the government car for their work and were responsible for it. At the time of the accident the two had left the three-county area where they worked, and were going to Oklahoma City to catch a plane for a vacation at their homes in the East.

The issue on appeal is whether the government employees were acting

within the scope of their employment at the time of the accident. As mentioned above, the driver and her co-worker had been granted leave and had started their vacation trip to their homes. The personal aspect of the trip in the government car to Oklahoma City is clearly established in the record by competent evidence. The trial court found the girls were proceeding to Oklahoma City to catch an airplane to further their vacations. The court also found the passenger and co-worker was "also" on vacation. The trial court in addition found that the two employees were taking the government car to Oklahoma City for storage or "safekeeping" while they were on vacation. It said: "So the Court holds and finds that the bringing of the car to Oklahoma City was dual in nature * * *," and it thus found under a dual purpose doctrine that the employees were within the scope of their employment. The dual purpose is also mentioned in the trial court's formal opinion.

The finding of the trial court that the trip to Oklahoma City was in part to store the government car is based entirely on hearsay testimony, and the trial court so characterized it as it was received. This evidence was admitted as the trial to the court progressed, but no additional direct proof as to the scope of employment issue was thereafter introduced. Under these circumstances we must hold that there was no probative evidence to support a finding of dual purposes for the trip. The only proof that remains is that the trip was made for purely personal reasons.

The testimony relating to the storage of the car in Oklahoma City came from three witnesses. Mr. Sheward, a service station operator in Mangum, Oklahoma, knew the two employees. Mangum was in the area where the girls were assigned and it was the community where they were living. Mr. Sheward said he talked to them the morning of the accident, and "the girls" told him they were going to take the car to Oklahoma City and leave it at a motor pool. The court,

on objection to the question, stated that it would be hearsay; and said, "Well, I think it's hearsay, pure and simple but the Court will permit him to answer just for the record." Another witness, Mr. Ballard, a police officer who also knew the girls, talked to them the day of the accident at Mangum. He was asked what they told him that morning. This was objected to as hearsay, and the trial court said: "I'm going to let you put it in but then it is hearsay. There might be some justification for it." The witness then testified that the girls told him they had called someone in Oklahoma City and he had told them it would be better to leave the car in Mangum, but they told him they were afraid it would be stripped if left there. This witness stated the girls told him this person told them he would help them store it in Oklahoma City if they brought it there. The court after further objection overruled it but again said: "It is hearsay, of course. * * * *"

The third witness, Mr. Mason, was not a supervisor of the girls' work but an acquaintance who held a position in an independent Oklahoma City agency comparable in function to the position held by their supervisor. The girls had called this person, and had asked for his help in parking the car in Oklahoma City. He was asked what the girls had told him, the hearsay objection was made and overruled. He testified they told him they were going on vacation and wanted his help in parking the car in Oklahoma City. He testified: "I told them if they would report to my office when they arrived in Oklahoma City I would see what I could do to assist them." This again was hearsay.

The testimony described above is the only direct evidence on the scope of employment issue as it related to a government purpose, and it was all hearsay. With this record before us, there is no evidence to support a finding of fact on which to base the dual purpose doctrine. As stated above, the only probative evidence is that the trip was made for purely personal reasons. We do not con-

sider this to be a deviation case to make applicable the case of Oil Daily, Inc. v. Faulkner, 282 F.2d 14 (10th Cir.), and the Oklahoma cases therein cited, as urged by plaintiff. Instead this is a particular trip to Oklahoma City and the purpose or purposes were at issue before the trial court.

■ This evidence as to the personal nature of the trip overcame any presumption which may have arisen from the ownership of the car, and the employment and duties of the driver. See Stumpf v. Montgomery, 101 Okl. 257, 226 P. 65. Also all the proof was in and it is not a question of a prima facie case as in Pacheco v. United States, 409 F.2d 1234 (3d Cir.), as urged by the appellee. The cases of Phillips Petroleum Co. v. Ward, 181 Okl. 462, 74 P.2d 614, and Norton v. Harmon, 192 Okl. 36, 133 P.2d 206, cited by plaintiff, are not to the contrary, and are concerned more with the issue raised by an agent's testimony as to the scope of his employment than with the question before us.

The case must be reversed with directions to enter judgment for the defendant.

PICKETT, Circuit Judge (concurring).

I concur in reversal of the judgment in this case, but I think the decision should be based on broader grounds. The record is without dispute that the two girls left the place of their government employment to go on vacation. They were on vacation when they left their place of employment for Oklahoma City, and the real purpose of their trip was personal. Even if they intended to transport the government automobile to Oklahoma City for safekeeping, this would not meet the Oklahoma test of "scope of employment." In 1929, Justice Cardozo, in Marks' Dependents v. Gray, 251 N.Y. 90, 167 N.E. 181, 183, said:

"* * * To establish liability, the inference must be permissible that the trip would have been made though the private errand had been canceled. * * * The test in brief is this: If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own. Clawson v. Pierce-Arrow Motor Car Co., 231 N.Y. 273, 131 N.E. 914. If, however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been canceled upon failure of the private purpose, though the business errand was undone, the travel is then personal, and personal the risk."

This "Cardozo Formula" was specifically adopted by the Supreme Court of Oklahoma in Anderson v. Allis-Chalmers Manufacturing Company, 387 P.2d 479, 482 (1963), and Dobson v. Commercial Oil Transport, Inc., 371 P.2d 709, 711 (1962). No contention is made that the work of the girls created the necessity for the travel or that the travel to Oklahoma City would have been made on behalf of the employer if the employees' vacations had been canceled.