**ESTATE of Eugene Brooks KIRK, deceased; Mary Ann Kirk, executrix, and Mary Ann Kirk, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 78–1481.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 17, 1980.

Decided Nov. 26, 1980.

Jordan Stokes, III, Stokes & Anglea, Nashville, Tenn., for petitioners–appellants.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Tax Div., Dept. of Justice, Stuart E. Seigel, Chief Counsel, I. R. S., Washington, D. C., for respondent–appellee.

Before EDWARDS, Chief Judge, BOYCE F. MARTIN, Jr., Circuit Judge, and CELEBREZZE, Senior Circuit Judge.

PER CURIAM.

This is an appeal of a decision of the United States Tax Court reported at 70 T.C. 771 (1978). The issues on appeal concern the proper application of the provisions of Subchapter S (Sections 1371–1379) of the Internal Revenue Code of 1954.

Music City Songcrafters, Inc. was incorporated under the laws of Tennessee on January 23, 1962. It adopted a fiscal year ending June 30. For its fiscal years ending June 30, 1962 through 1970, Music City filed corporate income tax returns, Form 1120.

Beginning July 1, 1970, Music City elected to be taxed as a small business corporation, pursuant to Sections 1371 through 1379 of the Internal Revenue Code of 1954, Subchapter S. At that time, taxpayers owned 100 percent of the stock of Music City. Music City's retained earnings and profits at the time it filed its election to be taxed under Subchapter S were $105,037.68.

Music City made two distributions to taxpayer in 1972, issuing checks to him in the amounts of $5,000 on July 24, 1972, and $7,157.03 on November 22, 1972. On November 24, 1972, taxpayer made a gift of 5 percent of Music City's stock to his wife Mary. She did not file a consent to Music City's Subchapter S election, thereby causing the election to be terminated under Section 1372(e)(1) of the Code.

For its fiscal years ending June 30, 1971, 1972, and 1973, Music City reported taxable income of $20,200.20, $13,533.79, and a loss of $12,471.67, respectively. As of June 30, 1972, the balance in its "Shareholders Undistributed Taxable Income" account was $13,533.79.

On their joint income tax return for 1972, taxpayer and his wife did not include in their gross income either of the cash distributions received from Music City that year. In his statutory notice of deficiency, the Commissioner determined that the $7,157.03 distribution to taxpayer on November 22, 1972, constituted a taxable dividend to him. The Tax Court sustained the Commissioner's determination, holding that since the termination of Music City's Subchapter S election was retroactive to the first day of its taxable year ended June 30, 1973, i. e., July 1, 1972, the distribution of November 11, 1972, did not qualify as a nontaxable distribution of previously taxed undistributed income under Section 1375(d)(1) of the Code. In so holding, the Tax Court ruled that Treasury Regulations on Income Tax (1954 Code), Section 1.1375–4(a) (26 C.F.R.), which specifically mandated this result, was both reasonable and plainly consistent with the statutory scheme of Subchapter S. *De-*

*Treville v. United States*, 445 F.2d 1036 (4th Cir. 1971).

We affirm the decision of the Tax Court.